No. 25-3707

_____

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

CASALA, LLC, an Oregon limited liability company, DBA Bubble's Hash;
REC REHAB CONSULTING, LLC, an Oregon limited liability company,
DBA Ascend Dispensary,

      Plaintiffs-Appellees,

          v.

TINA KOTEK, Oregon Governor, Governor of the State of Oregon, in her
official capacity; DAN RAYFIELD, Attorney General of the State of Oregon,
in his official capacity; DENNIS DOHERTY, Chair of the Oregon Liquor and
Cannabis Commission, in his official capacity; CRAIG PRINS, the Executive
Director of the Oregon Liquor and Cannabis Commission, in his official
capacity,

      Defendants-Appellants.

_____

APPELLANTS' EXCERPTS OF RECORD

_____

Appeal from the United States District Court
for the District of Oregon

_____

DAN RAYFIELD,
Attorney General
BENJAMIN GUTMAN
Interim Deputy Attorney General
PEENESH SHAH
Assistant Attorney General
1162 Court St. NE
Salem, Oregon 97301-4096
Telephone:  (503) 378-4402
peenesh.h.shah@doj.oregon.gov
Attorneys for Appellants

_____

_____

# E.R.-2

## APPELLANTS' EXCERPTS OF RECORD

Pursuant to Circuit Rule 30-1.7, appellants submit the following Appellants' Excerpts of Record, as indexed below.

INDEX

| Clerk's Docket # | Document | E.R. # |
|---|---|---|
| 49 | Judgment | 3 |
| 48 | Opinion and Order | 5 |
| 1 | Complaint for Declaratory and Injunctive Relief | 28 |
| 1-3 | Initiative Petition | 49 |
| 54 | Notice of Appeal | 51 |
| | Civil Docket for Case # 3:25-cv-00244-SI | 56 |

**S.E.R.-3**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASALA, LLC**, d/b/a Bubble's Hash; and **REC REHAB CONSULTING LLC**, d/b/a Ascend Dispensary, | Case No. 3:25-cv-244-SI |
| | **JUDGMENT** |
| Plaintiffs, | |
| v. | |
| **TINA KOTEK**, in her official capacity as Governor of the State of Oregon; **DAN RAYFIELD**, in his official capacity as Attorney General of the State of Oregon; **DENNIS DOHERTY**, in his official capacity as Chair of the Oregon Liquor and Cannabis Commission; and **CRAIG PRINS**, in his official capacity as Executive Director of the Oregon Liquor and Cannabis Commission, | |
| Defendants. | |

This action was heard by the Court in a one-day bench trial on a written record on April 29, 2025, with U.S. District Judge Michael H. Simon presiding. Based on the Court's Opinion and Order, which contains the Court's findings of fact and conclusions of law,

The Court **DECLARES** that the United for Cannabis Workers Act, passed by an initiative approved by Oregon voters in 2024 as Ballot Measure 119 ("Measure 119"), is:

PAGE 1 – JUDGMENT

(1) preempted by the National Labor Relations Act; and (2) abridges Plaintiffs' freedom of speech in violation of the First Amendment.

Further, the Court **PERMANENTLY ENJOINS AND RESTRAINS** Defendants from enforcing Measure 119 against Plaintiffs.

This is the Court's Final Judgment in this matter. The Court retains jurisdiction as necessary to enforce the terms of this Final Judgment.

DATED this 20th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

(5 of 65), Page 5 of 65      Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 5 of 65
Case 3:25-cv-00244-SI     Document 48     Filed 05/20/25     Page 1 of 23

S.E.R.-5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASALA, LLC**, d/b/a Bubble's Hash; and **REC REHAB CONSULTING LLC**, d/b/a Ascend Dispensary, <br><br> Plaintiffs, <br><br> v. <br><br> **TINA KOTEK**, in her official capacity as Governor of the State of Oregon; **DAN RAYFIELD**, in his official capacity as Attorney General of the State of Oregon; **DENNIS DOHERTY**, in his official capacity as Chair of the Oregon Liquor and Cannabis Commission; and **CRAIG PRINS**, in his official capacity as Executive Director of the Oregon Liquor and Cannabis Commission, <br><br> Defendants. | Case No. 3:25-cv-244-SI <br><br> **OPINION AND ORDER** |

Stephen M. Scott, Todd A. Lyon, Alexander A. Wheatley, and Janelle W. Debes, FISHER & PHILLIPS LLP, 111 SW Fifth Avenue, Suite 4040, Portland, OR 97204. Of Attorneys for Plaintiffs.

Dan Rayfield, Attorney General, Sadie Forzley, Senior Assistant Attorney General, and YoungWoo Joh, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendants.

Noah T. Barish, MCKANNA BISHOP JOFFE LLP, 1635 NW Johnson Street, Portland, OR 97209. Of Attorneys for *Amicus Curiae* Oregon AFL-CIO.

(6 of 65), Page 6 of 65      Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 6 of 65
Case 3:25-cv-00244-SI      Document 48      Filed 05/20/25      Page 2 of 23
S.E.R.-6

**Michael H. Simon, District Judge.**

Casala LLC, d/b/a Bubble's Hash ("Bubble's Hash"), and Rec Rehab Consulting LLC, d/b/a Ascend Dispensary ("Ascend") (collectively, "Plaintiffs"), brought this lawsuit against Oregon Governor Tina Kotek, Oregon Attorney General Dan Rayfield, Chair of the Oregon Liquor and Cannabis Commission ("OLCC") Dennis Doherty, and Executive Director of the OLCC Craig Prins (collectively, "Defendants"), in their official capacities. Plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining Defendants from enforcing against Plaintiffs the United for Cannabis Workers Act, passed by an initiative approved by Oregon voters in 2024 as Ballot Measure 119 ("Measure 119"). Plaintiffs contend that Measure 119: (1) is preempted by the National Labor Relations Act ("NLRA") and its enforcement would be in violation of the Supremacy Clause of the United States Constitution (Count One);[1] (2) is void for vagueness in violation of the Due Process Clause of the United States Constitution (Count Two); (3) abridges Plaintiffs' freedom of speech in violation of the First Amendment, as made applicable to the States by the Fourteenth Amendment (Count Three); (4) infringes on Plaintiffs' right to equal protection in violation of the Fourteenth Amendment (Count Four); and (5) disrupts Plaintiffs' contractual arrangements in violation of the Contract Clause of the United States Constitution (Claim Five).

The Court previously scheduled a preliminary injunction hearing to be held on April 29, 2025. On April 15, 2025, Defendants filed an unopposed motion to consolidate the preliminary

---

[1] Bubble's Hash filed a complaint with the National Labor Relations Board ("NLRB"), but the NLRB stated that it lacked jurisdiction to hear that complaint. ECF 13 ("Haley Decl.") ¶ 9. In Plaintiffs' reply in support of their motion for preliminary injunction (ECF 25), Plaintiffs concede that Bubble's Hash is beyond the jurisdiction of the NLRA and cannot bring an action for declaratory or injunctive relief based on preemption grounds. Thus, the Court refers only to Ascend when evaluating whether Measure 119 is preempted by the NLRA.

**S.E.R.-7**

injunction hearing with a final trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. ECF 45. The Court granted that motion and heard argument on the merits on April 29, 2025, based on the written record in this case. *See* ECF 47.

The Court now finds by a preponderance of the evidence the facts stated below. The Court also makes the conclusions of law contained below. For the reasons explained below, the Court grants the requested declaratory and permanent injunctive relief, after concluding that Measure 119 is preempted by the NLRA in violation of the Supremacy Clause and violates Plaintiffs' First Amendment rights, and that all requirements for permanent injunctive relief have been satisfied.

## STANDARDS

To obtain permanent injunctive relief, a plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The final two factors "merge" into one when "the Government is the party opposing the injunction." *Galvez v. Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009) (applying merged factors in stay context)). This is because "the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016) (emphasis in original) (applying merged factors in preliminary injunction context).

## BACKGROUND

### A.  Measure 119

In November 2024, Oregon voters approved by initiative Measure 119, which took effect on December 5, 2024. ECF 1-4. Measure 119 "[e]nsure[s] that businesses licensed to sell or process cannabis enter into an agreement that allows their employees to organize and speak out without fear of retaliation." ECF 1-3 at 1. The measure also states that the Oregon Liquor and Cannabis Commission ("OLCC") "shall require the applicant to submit, along with an application for a license or certification or renewal of a license or certification [to dispense marijuana]" a "signed labor peace agreement entered into between the applicant and a bona fide labor organization actively engaged in representing or attempting to represent the applicant's employees" or an "attestation signed by the applicant and the bona fide labor organization stating that the applicant and the bona fide labor organization have entered into and will abide by the terms of a labor peace agreement." *Id.* Oregon law defines a "labor peace agreement" ("LPA") as "an agreement under which, at a minimum, an applicant or licensee agrees to remain neutral with respect to a bona fide labor organization's representatives communicating with the employees of the applicant or the licensee about the rights afforded to such employees under [Oregon Revised Statutes §] 663.110." *Id.*

### B.  Plaintiffs

#### 1.  Ascend

Ascend is a state-licensed recreational marijuana retailer located in Portland, Oregon. ECF 12 ("Born Decl.") ¶¶ 2-3. Ascend has been operating since March 2019, does more than $500,000 in annual sales, and has eight employees. *Id.* ¶¶ 4, 17. After the passage of Measure 119, Ascend searched for a union with which it could agree to an LPA. *Id.* ¶ 5. Ascend states that it was told that only two unions had the authority to sign an LPA under Measure 119.

*Id.* Ascend then contacted both unions. *Id.* ¶ 6. Ascend, however, understood the terms required by the unions to be "neither fair or legal under state or federal law." *Id.* For example, the unions stated that they require unfettered access to Ascend's premises and the disabling of a 24-hour camera surveillance system during meetings. *Id.* According to Ascend, the unions also stated that they require employers to remain "neutral and not voice any opinion for or against unionization if asked." *Id.* Thus, Ascend was unable to reach agreement with either union. *See id.* ¶ 7.

On February 1, 2025, Ascend submitted its license renewal application and paid the required fee to the OLCC. *Id.* ¶ 9. Ascend did not include either a signed LPA or an attestation that one had been signed. *Id.* Ascend's application also lacked the requisite tax compliance certification. ECF 21 ("Hoffeditz Decl.") ¶ 5. On February 4, 2025, the OLCC notified Ascend that its application was incomplete, stating:

> 1) Thank you for your MJ License renewal. Unfortunately, we cannot process it until you have uploaded a signed labor peace agreement or attestation between the licensee and a labor organization. This is a voter initiate measure and OLCC cannot provide recommendations as we need to remain neutral. Once you submit a signed labor peace agreement or attestation, we can complete your license renewal. I have attached the compliance bulletins to this email.
>
> 2) Thank you for submitting your renewal application for the 2025-2026 license year.
>
> Under OAR 845-025-1190(2)(c) & (3), any retailer licensee whose license expires on or after September 15, 2023, will be required to submit an Oregon Department of Revenue (DOR) Certificate of Tax Compliance for all applicants listed on the license. The certificate of tax compliance must be issued within 90 calendar days of the license expiration date. Failure to submit the required DOR certificate(s) of tax compliance for all applicants on your license will result in your application to be considered incomplete and will not be processed. This will result in your license not being valid . . . .

PAGE 5 – OPINION AND ORDER

(10 of 65), Page 10 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 10 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 6 of 39
S.E.R.-10

*Id.* ¶¶ 5-7, Ex. 1. On February 10, 2025, Ascend uploaded the missing tax compliance certificate,

and later that day the OLCC notified Ascend that OLCC "cannot process" its license renewal

"until you have uploaded a signed labor peace agreement or attestation." *Id.* ¶¶ 9-10, Ex. 1.

### 2. Bubble's Hash

Bubble's Hash is a state-licensed recreational marijuana processor located in Portland,

Oregon. ECF 13 ("Haley Decl.") ¶¶ 2-3. Bubble's Hash has been operating since May 2023 and

has two employees. *Id.* ¶¶ 5, 11. Bubble's Hash invested $435,000 to start this business. *Id.* ¶ 11.

Bubble's Hash's license is due for renewal on May 22, 2025. *Id.* ¶ 4. Bubble's Hash has

not yet signed an LPA. *Id.* ¶ 11. Bubble's Hash contacted one union and left a message but never

received a call back. *Id.* ¶ 7. Bubble's Hash filed a complaint with the National Labor Relations

Board ("NLRB"), but the NLRB stated that it lacked jurisdiction to hear that complaint. *Id.* ¶ 9.

Bubble's Hash states that it is not subject to the NLRA because its retail sales currently fall

below the NLRA's jurisdictional threshold. *Id.*

**DISCUSSION**

## A.  Standing

Defendants challenge Plaintiffs' standing to bring this case, arguing that Measure 119

does not affect employer or employee rights, and that Plaintiffs are not entitled to sue on behalf

of their employees. To have standing, a plaintiff must have a "personal interest . . . at the

commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC),

Inc.*, 528 U.S. 167, 189 (2000). In addition, the required personal interest must satisfy three

elements throughout the litigation: (1) an injury in fact, *i.e.*, an invasion of a legally protected

interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection

between the injury in fact and the defendant's challenged behavior; and (3) a likelihood that the

injury-in-fact will be redressed by a favorable ruling. *Id.* at 180-81; *see also Spokeo, Inc. v.*

*Robins*, 578 U.S. 330, 338 (2016) (reiterating that the "irreducible constitutional minimum" of standing consists of "an injury in fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision").

The Ninth Circuit addressed a similar question in *Airline Service Providers Ass'n v. Los Angeles World Airports* ("*ASPA*"), holding that a trade association had standing to challenge a state labor regulation. *See* 873 F.3d 1074 (9th Cir. 2017). In *ASPA*, the City of Los Angeles enacted a regulation that required airline service providers to enter into an LPA with any employee organization that requested one. *Id.* at 1077. A trade association of service providers sued, arguing that this regulation was preempted by the NLRA. *Id.*

The Ninth Circuit held that each member of the association had suffered an injury in fact because the association alleged that its members would be "forced into unwanted negotiations that must terminate in either an agreement or arbitral award," and thus "[t]he time spent in those negotiations is itself a concrete injury." *Id.* at 1078. The court also concluded that the plaintiff sufficiently had shown causation because the LPA was a mandatory component of the city's standard licensing contract. *Id.* Finally, the Ninth Circuit held that the association had shown redressability because if the regulation were enjoined based on federal preemption, the members of the association "would not suffer any adverse consequences of complying with it." *Id.* at 1079.

Applying the same reasoning as in *ASPA*, Plaintiffs here have standing. Plaintiffs allege that they will be and have been forced into negotiations with labor organizations, which they would not have had to undergo but for Measure 119. The risk of having to undergo these negotiations constitutes a concrete injury. If Measure 119 were enjoined, Plaintiffs would not suffer the adverse consequences of complying with it. Thus, Plaintiffs have sufficiently alleged standing.

(12 of 65), Page 12 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 12 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 8 of 33
S.E.R.-12

## B. Preemption

Among other contentions, Ascend argues that Measure 119 is preempted by the NLRA because Measure 119 regulates activity clearly within the scope of the NLRA where Congress has determined that states should not intervene. Specifically, Ascend contends that Measure 119 implicates an employer's right to speech and an employee's right to choose its labor representation, rights guaranteed by the NLRA. Defendants respond that Measure 119 and the required LPA do not implicate employer or employee rights protected by the NLRA. Defendants also argue that Measure 119 is exempt from preemption because the cannabis industry is deeply rooted in local responsibility.

### 1. Legal Standards

#### a. Generally

The Supremacy Clause of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const., art. VI, cl. 2. Thus, federal law preempts state law when the two conflict.

Section 7 of the NLRA protects the right of employees "to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Section 8 bars unfair labor practices and makes it illegal "for an employer to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in" Section 7. *Id.* § 158(a)(1).

PAGE 8 – OPINION AND ORDER

(13 of 65), Page 13 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 13 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 9 of 36
S.E.R.-13

In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), and *Lodge 76, International Ass'n of Machinists v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976), the Supreme Court held that the NLRA preempts "(1) laws that regulate conduct that is either protected or prohibited by the NLRA . . . , and (2) laws that regulate in an area Congress intended to leave unregulated or 'controlled by the free play of economic forces.'" *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 887 (9th Cir. 2018) (quoting *Chamber of Com. v. Brown*, 554 U.S. 60, 65 (2008)). The first form of preemption is known as "*Garmon* preemption," and the second is known as "*Machinists* preemption." *Id.* Ascend argues, in the alternative, that both forms of preemption apply here.

### b. *Garmon* Preemption

*Garmon* preemption is "unusual" in its breadth. *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023). The NLRA "preempts state law even when the two only *arguably* conflict." *Id.* (emphasis in original). *Garmon* preemption "goes beyond the usual preemption rule," forbidding states from regulating conduct "that the NLRA protects, prohibits, or arguably protects or prohibits." *Id.* (quoting *Wis. Dep't of Indus., Lab. & Hum. Rels. v. Gould Inc.*, 475 U.S. 282, 286 (1986)). The purpose of this broad doctrine is to address not only actual conflict but also "the *potential* for conflict with federal policy." *Retail Prop. Tr. v. United Bhd. of Carpenters*, 768 F.3d 938, 952 (9th Cir. 2014) (emphasis in original). *Garmon* preemption is "designed to prevent 'conflict in its broadest sense' with the 'complex and interrelated federal scheme of law, remedy, and administration'" contained in the NLRA. *Gould*, 475 U.S. at 286 (quoting *Garmon*, 359 U.S. at 243). This doctrine recognizes that the NLRA affords "primary interpretation and application of its rule to a specific and specially constituted tribunal." *Garner v. Teamsters*, 346 U.S. 485, 490 (1953). Federal courts "are not primary tribunals to adjudicate such issues," which must be "left in the first instance to the

(14 of 65), Page 14 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 14 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 10 of 28

S.E.R.-14

[National Labor Relations] Board." *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 390

(1986) (quotation marks omitted).

Despite the breadth of *Garmon* preemption, the Supreme Court has recognized several

exceptions, including "where the activity regulated was a merely peripheral concern" or

"touched interests . . . deeply rooted in local feeling and responsibility." *Garmon*, 359 U.S.

at 243-44. Determining whether the regulation concerns deeply rooted local interests "involves a

sensitive balancing of any harm to the regulatory scheme established by Congress, either in

terms of negating the Board's exclusive jurisdiction or in terms of conflicting substantive rules,

and the importance of the asserted cause of action to the state as a protection to its citizens."

*Loc. 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 676 (1983).

To establish *Garmon* preemption, a plaintiff must show that "there is an arguable case for

pre-emption." *Davis*, 476 U.S. at 397. "This is not a demanding standard." *Idaho Bldg. &*

*Constr. Trades Council v. Inland Pac. Chapter of Associated Builders & Contractors*, 801

F.3d 950, 965 (9th Cir. 2015). Although *Garmon* preemption requires more than "a conclusory

assertion" that the NLRA arguably protects or prohibits conduct, all a plaintiff must do is

"advance an interpretation of the [NLRA] that is not plainly contrary to its language and that has

not been 'authoritatively rejected' by the courts or the Board." *Davis*, 476 U.S. at 394-95. A

plaintiff must "put forth enough evidence to enable the court to find that the Board reasonably

could uphold a claim based on such an interpretation." *Id.* at 395. "Even when a court is unsure"

as to whether a particular activity is governed by the NLRA, the determination should be left to

the NLRB in the first instance. *Bassette v. Stone Container Corp.*, 25 F.3d 757, 760 (9th

Cir. 1994) (citing *Garmon*, 359 U.S. at 244-45).

(15 of 65), Page 15 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 15 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 11 of 28

S.E.R.-15

### c. *Machinists* Preemption

In addition to preempting laws that regulate arguably protected conduct, the NLRA also preempts laws that regulate in an area Congress intended to leave "controlled by the free play of economic forces." *Machinists*, 427 U.S. at 140 (quotation marks omitted). *Machinists* preemption seeks to "preserve Congress' intentional balance between the uncontrolled power of management and labor to further their respective interests." *Buildings & Constr. Trades Council of the Metro. Dist. v. Associated Builders & Contractors of Mass./R.I., Inc.*, 507 U.S. 218, 226 (1993) (cleaned up) (quoting *Golden State Transit Corp. v. City of Los Angeles*, 475 U.S. 608, 614 (1986)). The purpose of *Machinists* preemption is to guarantee "an equitable process for determining terms and conditions of employment." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 753 (1985).

Relevant to the pending case, *Machinists* preemption "bars states from . . . regulating non-coercive labor speech by an employer." *Interpipe Contracting, Inc*, 898 F.3d at 887. This rule reflects Congress's determination that "the dangers that free expression might entail . . . were a lesser risk than to have the Board police employer or union speech." *NLRB v. Gen. Elec. Co.*, 418 F.2d 736, 773 (2d Cir. 1969) (Friendly, J., concurring and dissenting); *see also Intertape Polymer Corp. v. NLRB*, 801 F.3d 224, 238 (4th Cir. 2015) ("Permitting the fullest freedom of expression by each party nurtures a healthy and stable bargaining process." (cleaned up)).

### 2. Analysis

#### a. NLRA Applicability to the Cannabis Industry

A threshold question in this case is whether the NLRA applies to cannabis businesses, given that the use of cannabis is illegal under federal law. Defendants originally argued that Ascend failed to establish that the NLRA applies to cannabis businesses, but now concede that

the NLRA likely applies to cannabis businesses.[2] Ascend argues that the NLRA applies to its business and adds that only half of Ascend's business relate to marijuana, while the other half relates to hemp sales, which is legal under federal law. *See* 21 U.S.C. § 802(16)(B).

The Court agrees that the NLRA likely applies to Ascend's business. The NLRA does not limit its jurisdiction to "lawful commerce" or "legal substance," as some other federal laws do. The NLRB has issued advisory memoranda dating back to 2013, in which it has stated that the medical marijuana industry is within the NLRB's jurisdiction if the business meets the NLRA's jurisdictional monetary requirements. *See* October 25, 2013 Advice Memorandum (Wellness

---

[2] Defendants also argue that it is possible that the NLRA does not apply to cannabis businesses because regulation of federally illegal businesses may exceed Congress's authority under the Commerce Clause. In support, Defendants cite cases involving challenges under the dormant Commerce Clause to state residency requirements for medical marijuana. Plaintiffs respond that the First Circuit has held that Congress has the authority to regulate the cannabis industry. *See Ne. Patients Grp. v. United Cannabis Patients & Caregivers of Me.*, 45 F.4th 542, 547-48 (1st Cir. 2022) (holding that Congress has authority to regulate the cannabis industry under the Commerce Clause, in part because "there is an established, *albeit illegal*, interstate market" in cannabis (emphasis in *Ne. Patients Grp.*) (quoting *Gonzales v. Raich*, 545 U.S. 1, 18 (2005))). District courts have mixed opinions on whether the dormant Commerce Clause applies to federally illegal markets. *Compare Brinkmeyer v. Wash. State Liquor & Cannabis Bd.*, 2023 WL 1798173, at *11 (W.D. Wash. Feb. 7, 2023) ("The dormant Commerce Clause does not apply to federally illegal markets, including Washington's cannabis market . . . ."), *and Peridot Tree WA Inc. v. Wash. State Liquor & Cannabis Control Bd.*, 2024 WL 69733, at *9 (W.D. Wash. Jan. 5, 2024) ("Peridot cannot use the dormant Commerce Clause to demand a constitutional right to participate in an illegal interstate market."), *with Finch v. Treto*, 606 F. Supp. 3d 811, 833 (N.D. Ill. 2022) (holding that "because [the cannabis] industry has been legalized by Illinois (and many other states), it is likely to affect interstate commerce, no matter its federal status," and thus plaintiffs were likely to succeed on their claim under the dormant Commerce Clause), *aff'd in part, dismissed in part on other grounds*, 82 F.4th 572 (7th Cir. 2023). The Ninth Circuit has not yet addressed this question, and the Court finds the cases holding that Congress may regulate the cannabis industry persuasive.

PAGE 12 – OPINION AND ORDER

(17 of 65), Page 17 of 65 · Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 17 of 65
Case 3:25-cv-00244-SI · Document 48 · Filed 05/20/25 · Page 13 of 28

S.E.R.-17

Connection of Maine)[3]; July 31, 2015 Advice Memorandum (High Level Health).[4] These memoranda explain that the medical marijuana business is a multi-billion-dollar industry. The memoranda also note that the U.S. Department of Justice ("DOJ") had issued guidance that advises federal prosecutors not to expend resources on state medical marijuana cases and that the DOJ has announced that it would not seek to preempt state medical marijuana laws. Further, congressional appropriation riders dating back to 2014 "have prohibited the use of any DOJ funds that prevent states with medical marijuana programs . . . from implementing their state medical marijuana laws." *United States v. Kleinman*, 880 F.3d 1020, 1027 (9th Cir. 2017); *see also Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 923-24 (9th Cir. 2024) (citing *Kleinman* in describing appropriations riders and DOJ guidance).

In addition, the D.C. Circuit in *Absolute Healthcare v. NLRB* accepted that the NLRB had jurisdiction over allegations that a medical marijuana business committed unfair labor practices. *See* 103 F.4th 61, 67 (D.C. Cir. 2024). Defendants argue that the concurrence in *Absolute Healthcare* stated that it is "hazy" whether the NLRA applies to a cannabis business, given that marijuana is illegal at the federal level. *See id.* at 72-73 (Walker, J., concurring). But this statement in the concurrence is merely dicta. The Court finds more persuasive the majority's conclusion that the NLRB had jurisdiction.

The parties also cite other examples of federal laws that courts have applied to the cannabis industry. *See Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1110 (10th Cir. 2019) (holding that the Fair Labor Standards Act applies to workers in the marijuana industry, explaining that

---

[3] https://apps.nlrb.gov/link/document.aspx/09031d4581841f95 (last visited May 19, 2025).

[4] https://apps.nlrb.gov/link/document.aspx/09031d45830d1121 (last visited May 19, 2025).

(18 of 65), Page 18 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 18 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 14 of 28

S.E.R.-18

"employers are not excused from complying with federal laws because of their other federal violations" (quotation marks omitted)); *Greenwood v. Green Leaf Lab LLC*, 2017 WL 3391671, at *2-3 (D. Or. July 13, 2017), *report and recommendation adopted*, 2017 WL 3391647 (D. Or. Aug. 7, 2017) (applying Fair Labor Standards Act to marijuana business); *Smith v. 116 S Mkt. LLC*, 831 F. App'x 355, 356 (9th Cir. 2020) (unpublished) (applying the Americans with Disabilities Act to facilities including a cannabis building); *Aichele v. Blue Elephant Holdings, LLC*, 292 F. Supp. 3d 1104, 1112 (D. Or. 2017) (allowing cannabis worker's retaliation claim under Title VII of the Civil Rights Act of 1964, without opining on the impact of the legality of the workplace); *United States v. Sullivan*, 274 U.S. 259, 263 (1927) (holding that unlawful businesses must still pay federal taxes). The Occupational Safety and Health Administration ("OSHA") also has resolved cases involving cannabis processing and growing facilities. *See* OSHA Inspection 1572011.015 - Trulieve Holyoke Holdings Llc[5]; OSHA Inspection 1574997.015 - Pharmacann Inc.[6] These decisions and actions are consistent with a fair reading of the NLRA as a broad statute that largely displaces state labor laws. Further, they support the conclusion that the NLRA applies to regulate employee-employer relationships, even in the cannabis industry.

Finally, all that Ascend needs to show is that the NLRA "arguably" applies to the cannabis businesses. The NLRB advice memoranda, as well as the materials cited by Ascend, support the conclusion that the NLRA applies to the cannabis industry in a way that is not "plainly contrary" to the NLRA's text and that has not been "authoritatively rejected." Ascend

---

[5] https://www.osha.gov/ords/imis/establishment.inspection_detail?id=1572011.015 (last visited May 19, 2025).

[6] https://www.osha.gov/ords/imis/establishment.inspection_detail?id=1574997.015 (last visited May 19, 2025).

(19 of 65), Page 19 of 65 · · · · Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 19 of 65
Case 3:25-cv-00244-SI · · · Document 48 · · · Filed 05/20/25 · · · Page 15 of 28

S.E.R.-19

need not definitively show that the NLRA applies to cannabis businesses for its preemption
claim to succeed. Thus, the Court concludes that the NLRA at least arguably applies to cannabis
businesses and that Ascend's preemption claim must be evaluated on the merits.

### b. *Garmon* Preemption Applied

Ascend argues that Measure 119 is preempted under *Garmon* because Measure 119
implicates conduct protected by both Sections 7 and 8 of the NLRA. Ascend contends that
Measure 119 disregards an employee's right to choose their own labor representation, which is
guaranteed by Section 7 of the NLRA. Moreover, Ascend argues that Measure 119 requires
employers to remain "neutral" with respect to unions communicating with their employees,
which violates the protection afforded under Section 8 of an employer's right to express "views,
argument, or opinion" on unionization. Defendants respond that Measure 119 does not implicate
the rights of either employees or employers or any other rights guaranteed under the NLRA.
Defendants further contend that Measure 119 is exempt from *Garmon* preemption because the
cannabis industry is "deeply rooted in local responsibility."

### i. Measure 119 Implicates Employer Rights Protected by the NLRA

As the party asserting preemption, Ascend bears the burden of "(1) advancing an
interpretation of the NLRA that is not plainly contrary to its language and that has not been
authoritatively rejected by the courts or the Board, and then (2) putting forward enough evidence
to enable the court to find that the NLRA arguably protects" or prohibits Ascend's conduct.
*Glacier Nw., Inc.*, 598 U.S. at 779 (cleaned up).

With respect to the first step, Ascend argues that Section 8 of the NLRA protects an
employer's free speech rights. Section 8 states that it shall not be an unfair labor practice for an
employer to express "any views, argument, or opinion," or disseminate such expression,
provided that the expression "contains no threat of reprisal or force or promise of benefit." 29

U.S.C. § 158(c). Defendants argue that Section 8 does not affirmatively provide an employer with rights, but merely provides that an employer will not be prosecuted for an unfair labor practice. This appears to be a distinction without a difference. Defendants cite no authority for their position, relying on a textual reading of Section 8. The Supreme Court, however, has held that Section 8 of the NLRA "merely implements the First Amendment" with respect to "an employer's free speech right to communicate his views to his employees." *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 617 (1969). Section 8, therefore, codifies an employer's "firmly established" right to communicate views to its employees. *Id.* Accordingly, Ascend's interpretation of the NLRA as protecting an employer's free speech rights has been supported by the courts and is not plainly contrary to the text of the NLRA, and Ascend has met its burden at step one.

At step two, Ascend acknowledges that the NLRA does not protect an employer's right to expression that is threatening or coercive. Measure 119 does not distinguish between permissible employer speech and threatening or coercive speech, and Defendants do not argue that Measure 119 prohibits only threatening or coercive speech. Instead, Defendants contend that Measure 119 does not implicate employer speech because the employers must remain neutral with respect to union representatives communicating with employees but may still express their opinions about unions.

Defendants' argument is not persuasive. Defendants fail to explain how an employer can remain "neutral" while expressing opinions about why its employees should not form or join a union. Even assuming that an employer does not threaten or coerce employees and even assuming that an employer does not make any false or misleading statements of fact, if an

(21 of 65), Page 21 of 65     Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 21 of 65
Case 3:25-cv-00244-SI     Document 48     Filed 05/20/25     Page 17 of 38

**S.E.R.-21**

employer argues why an employee should not form or join a union, that is not "neutral." Further, neither Defendants nor the amicus supporting Defendants explain how that could be otherwise.

For purposes of *Garmon* preemption, Measure 119 impermissibly conditions a state license on an employer "refraining from conduct protected by federal labor law," which "chills one side of the 'robust debate which has been protected under the NLRA.'" *Brown*, 554 U.S. at 73 (first quoting *Livadas v. Bradshaw*, 512 U.S. 107, 116 (1994); and then quoting *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 275 (1974)). Ascend, therefore, has met its burden on the merits of *Garmon* preemption unless an exception applies.

### ii. The "Local Responsibility" Exception

Defendants argue that, given federal tolerance of state legalization of cannabis and Oregon's "careful regulation" of the cannabis industry, this is an area that is "deeply rooted in local responsibility" and thus Measure 119 is not preempted under *Garmon*. The local responsibility exception, however, applies only when NLRA remedies are insufficient and state actions would not interfere with the exercise of rights protected by the NLRA. *See Farmer v. United Bhd. of Carpenters, Loc. 25*, 430 U.S. 290, 299 (1977); *Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978) (holding that if "the controversy presented to the state court is identical to . . . that which could have been, but was not, presented to the" NLRB, "a state court's exercise of jurisdiction necessarily involves a risk of interference" with the jurisdiction of the NLRB and the state law is preempted). These cases have generally involved "violent tortious activity," as "[n]othing in the federal labor statutes protects or immunizes from state action violence or the threat of violence in a labor dispute, and thus there is no risk that state damages actions will fetter the exercise of rights protected by the NLRA." *Farmer*, 430 U.S. at 299 (citations omitted); *see also United Constr. Workers v.*

PAGE 17 – OPINION AND ORDER

*Laburnum Constr. Corp.*, 347 U.S. 656, 668-69 (1954) (threats of violence); *Youngdahl v. Rainfair, Inc.*, 355 U.S. 131, 139 (1957) (violence); *Int'l Union v. Russell*, 356 U.S. 634, 644-45 (1958) (violence); *Linn v. United Plant Guard Workers of Am., Loc. 114*, 383 U.S. 53, 63-64 (1966) (libel). Here, NLRA remedies are sufficient to protect labor relations, which is what Measure 119 regulates. Further, the controversy implicated by Measure 119 is identical to an issue that could be presented to the NLRB. Thus, the local responsibility exception is inapplicable.

Defendants cite *Ctrl Alt Destroy v. Elliott*, which analyzed a California law like Measure 119 and held that "*Garmon* preemption is inapplicable because the LPA Sections touch upon interests so deeply rooted in local feeling and responsibility that it cannot be inferred that Congress intended to deprive the state of the power to act." *See* 2025 WL 790963, at *7 n.8 (S.D. Cal. Mar. 12, 2025) (cleaned up). In *Ctrl Alt Destroy*, the court concluded that by enacting the Controlled Substances Act ("CSA"), which made commercial transactions involving controlled substances such as marijuana illegal at the federal level, Congress clearly expressed that it did not intend to regulate commercial transactions involving controlled substances. *Id.* But Measure 119, as well as the law at issue in *Ctrl Alt Destroy*, regulates only labor relations; although the measure applies to cannabis businesses, it does not regulate the sale or use of cannabis. Therefore, the Court does not find the reasoning in *Ctrl Alt Destroy* to be persuasive. Accordingly, Ascend has shown that the NLRA preempts Measure 119 under a theory of *Garmon* preemption.

### c.   *Machinists* **Preemption Applied**

Measure 119 seeks to regulate—and, indeed, forbid—certain truthful, non-deceptive, non-coercive speech about unionization, which conflicts with Congress's intent to allow "uninhibited, robust, and wide-open debate in labor disputes." *See Brown*, 554 U.S. at 68

(quoting *Austin*, 418 U.S. at 272-73). More broadly, *Machinists* also prohibits state governments from "introduc[ing] some standard of properly balanced bargaining power." *Golden State*, 475 U.S. at 619 (quotation marks omitted). In *Golden State*, the Supreme Court held that a city could not condition the renewal of a company's license on reaching an agreement with a union. *Id.* at 618-19. Doing so inappropriately upset "the balance of power designed by Congress." *Id.* at 619. By conditioning license renewal on signing an LPA, Measure 119 seeks to regulate the relationship between unions and employers. This upsets the balance Congress struck in passing the NLRA. Thus, Measure 119 is preempted.

Defendants again cite *Ctrl Alt Destroy*, which concluded that *Machinists* preemption did not apply because "Congress has clarified that it does not intend to leave the cannabis industry to be controlled by the free play of economic forces. Rather, Congress enacted the CSA and declared that every commercial cannabis transaction is illegal under federal law, thereby eliminating the federal cannabis market." 2025 WL 790963, at *7 n.8 (cleaned up). But the balancing that *Machinists* seeks to protect refers only to the *labor relations* context, not to regulation of the underlying market. The "balance of power designed by Congress" in labor relations has no effect on Congress's ban on cannabis. Thus, Measure 119 regulates an area that Congress intended to leave to the free play of economic forces. Accordingly, Ascend has shown that the NLRA preempts Measure 119 under a theory of *Machinists* preemption.

### 3.  Conclusion

The Court concludes that Measure 119 is preempted by the NLRA under both *Garmon* and *Machinists*.

## C.  First Amendment

Plaintiffs argue that Measure 119 is a content-based restriction on speech that is subject to strict scrutiny, and that Defendants fail to provide a compelling government interest requiring

this restriction. Defendants respond that Measure 119 is a permissible regulation of commercial speech. Plaintiffs reply that Measure 119 does not regulate commercial speech, and that even if it does, it fails the *Central Hudson*[7] test for commercial speech.

### 1. Legal Standards

The Supreme Court "has recognized that employers' attempts to persuade to action with respect to joining or not joining unions are within the First Amendment's guaranty." *Thomas v. Collins*, 323 U.S. 516, 537 (1945) (citing *NLRB v. Va. Elec. & Power Co.*, 314 U.S. 469 (1941)). "When to this persuasion other things are added which bring about coercion, or give it that character, the limit of the right has been passed. But short of that limit the employer's freedom cannot be impaired." *Id.* at 537-38 (citation omitted). Thus, it is "firmly established" that an employer has a "free speech right to communicate his views to his employees," including "any of his general views about unionism or any of his specific views about a particular union." *Gissel Packing*, 395 U.S. at 617-18. This right must, however, be balanced against "the equal rights of the employees to associate freely." *Id.* at 617. "[S]o long as the communications do not contain a 'threat of reprisal or force or promise of benefit,'" an employer may communicate his views about unions to his employees. *Id.* An employer may therefore "express opinions or predictions, reasonably based in fact, about the possible effects of unionization on its company." *Int'l Union v. NLRB*, 834 F.2d 816, 820 (9th Cir. 1987) (citing *Gissel Packing*, 395 U.S. at 618).[8]

---

[7] *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm. of N.Y.*, 447 U.S. 557 (1980).

[8] Although caselaw discussing an employer's free speech rights often references Section 8 of the NLRA, this section "merely implements the First Amendment." *Gissel Packing*, 395 U.S. at 617. As *Thomas* makes clear, the NLRA does not itself create a free speech right for employers, and therefore this test applies when evaluating restrictions on employer speech about unionization, even when the employer is not subject to the jurisdiction of the NLRA. The Court therefore applies the *Gissel Packing* test, and not strict scrutiny, as urged by Plaintiffs, or the commercial speech test, as urged by Defendants.

PAGE 20 – OPINION AND ORDER

(25 of 65), Page 25 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 25 of 65
Case 3:25-cv-00244-SI    Document 48    Filed 05/20/25    Page 21 of 28

S.E.R.-25

2. **Analysis**

Under Measure 119, Plaintiffs must "remain neutral with respect to a bona fide labor organization's representatives communicating with the employees of the applicant or the license about the rights afforded to such employees under [Oregon Revised Statutes §] 663.110." As discussed, Defendants do not explain how an employer can remain "neutral" with respect to union representatives communicating with its employees while still being free to express its opinions about unionization. Measure 119 is not limited to restricting only threatening, coercive, false, or misleading speech, but instead prohibits all speech by employers that is not "neutral" toward unionization. Therefore, Measure 119 violates Plaintiffs' First Amendment rights to free speech.

**D. Irreparable Injury and Inadequate Remedy at Law**

To meet their burden, Plaintiffs must demonstrate irreparable injury in the absence of a permanent injunction and that there is no adequate remedy at law. The Ninth Circuit has held in the context of preemption that "an alleged constitutional infringement will often alone constitute irreparable harm." *United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011) (quotation marks omitted), *aff'd in part, rev'd in part on other grounds and remanded*, 567 U.S. 387 (2012). Moreover, a likely unconstitutional law can cause irreparable harm when it places a party in a "Hobson's choice" between (1) failing to comply with the law and losing customer goodwill and potentially the entire business, or (2) complying with a likely unconstitutional law and incurring costs. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057-58 (9th Cir. 2009).

In the context of the First Amendment, a party "can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim." *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005) (quotation marks omitted) (in the preliminary injunction context); *see also Associated Press v. Otter*, 682 F.3d 821, 826

(9th Cir. 2012) (holding that the "loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury" in the preliminary injunction context (quotation marks omitted)).

Although Defendants argue that OLCC is not currently enforcing Measure 119, that law includes the word "shall," indicating that OLCC does not have discretion to decide whether to enforce its provisions. Thus, Plaintiffs reasonably fear enforcement of Measure 119 against them and have presented evidence that by failing to comply with Measure 119, they could potentially lose their entire businesses, and by complying with Measure 119, they would incur serious costs in the form of unfair bargaining leverage with labor organizations. *See* ECF 27 ("Born Reply Decl.") ¶¶ 7-8 (explaining that Ascend's service providers have informed Ascend that the providers will drop service if Ascend's license is not active); Born Decl. ¶¶ 5-7 (stating that there are only two labor organizations in Oregon that have authority to sign an LPA, Ascend has attempted to negotiate with both, and both have made demands that Ascend considers to be unreasonable). Remedies available at law would not fully compensate Plaintiffs because Measure 119 would still be in effect and Plaintiffs would risk losing their licenses at any time. Therefore, Plaintiffs have shown that they face irreparable harm without injunctive relief and that any remedies available at law are inadequate.

**E. Balance of Equities and Public Interest**

Plaintiffs also must show that the balance of equities tips in their favor, and that an injunction is in the public interest. As noted, when a public, or governmental, entity is the party defending against a motion for injunctive relief, these two factors merge. *See Nken*, 556 U.S. at 435. Here, both the balance of equities and the public interest counsel support Plaintiffs.

If relief is not issued, Plaintiffs face a choice of losing their businesses or complying with an unconstitutional law. This is irreparable harm. *See Arizona*, 641 F.3d at 366 ("[I]t is *clear that*

*it would not be equitable or in the public's interest to allow the state* . . . to violate the requirements of federal law, especially when there are no adequate remedies available. . . . In such circumstances, the interest of preserving the Supremacy Clause is paramount." (emphasis in *Arizona*) (quotation marks omitted)). On the other hand, "it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997). That harm, however, does not outweigh the public interest in ensuring that a state does not violate the Supremacy Clause of the United States Constitution. Thus, the Court finds that the balance of equities tips in favor of Plaintiffs.

## CONCLUSION

The Court GRANTS Plaintiffs' motion for declaratory relief, ECF 11, and will enter a permanent injunction in favor of Plaintiffs.

**IT IS SO ORDERED**.

DATED this 20th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Todd A. Lyon, OSB No. 076706
tlyon@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CASALA, LLC, dba Bubble's Hash, an Oregon limited liability company; and REC REHAB CONSULTING LLC, dba Ascend Dispensary, an Oregon limited liability company, | Case No. |
| | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | |
| TINA KOTEK, Governor of the State of Oregon, in her official capacity; DAN RAYFIELD, Attorney General of the State of Oregon, in his official capacity; DENNIS DOHERTY, Chair of the Oregon Liquor and Cannabis Commission, in his official capacity; and CRAIG PRINS, the Executive Director of the Oregon Liquor and Cannabis Commission, in his official capacity, | |
| Defendants. | |

PAGE 1 -   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Casala, LLC, dba Bubble's Hash ("Bubble's Hash"), and Rec Rehab Consulting LLC, dba Ascend Dispensary ("Ascend") (collectively, "Plaintiffs"), by and through its counsel, bring its Complaint against Defendants Tina Kotek, in her official capacity as the Governor of the State of Oregon ("Governor Kotek"); Dan Rayfield, in his official capacity as the Attorney General of the State of Oregon ("AG Rayfield"); Dennis Doherty, in his official capacity as the Chair of the Oregon Liquor and Cannabis Commission ("Chair Doherty"); and Criag Prins, in his official capacity as the Executive Director of the Oregon Liquor and Cannabis Commission ("Director Prins") (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs filed this action for declaratory and injunctive relief pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201-2202, to declare Oregon's United for Cannabis Worker Act, or Ballot Measure 119 ("Measure 119"), as unconstitutional under the United States Constitution.

2.      Plaintiffs also seek temporary, preliminary, and permanent injunctive relief enjoining the enforcement of Measure 119 and other related actions undertaken by Defendants pursuant to these provisions.

## JURISDICTION AND VENUE

3.      Jurisdiction of this action arises under 28 U.S.C. § 1131, federal question jurisdiction, because Plaintiffs' claim arises under (i) the due process and equal protection provisions of the Fourteenth Amendment of the United States Constitution, which incorporates the free speech provisions of the First Amendment; (ii) the Supremacy Clause of the Constitution of the United States, Article VI, Clause 2, which designates the Constitution and the Laws of the

PAGE 2 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

United States as the supreme Law of the Land; (iii) the laws of the United States, namely the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq*.; and (iv) the Contract Clause of the Constitution of the United States, Article I, Clause 1, which designates that no state shall pass any law impairing the obligations of contracts.

4.      Jurisdiction of this action also arises under 28 U.S.C. §§ 2201-2202, since this is an actual controversy in which Plaintiffs seek declaratory judgment.

5.      Venue in this judicial district and division is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## PARTIES

6.      Plaintiff Casala, LLC, dba Bubble's Hash, is an Oregon limited liability company with its principal place of business located at 4605 SW Beaverton Hillsdale Hwy, Portland, Oregon 97221.

7.      Bubble's Hash is a recreational marijuana processor defined by ORS 475C.085. It processes marijuana into usable edibles, and concentrates for the sale to recreational marijuana retailers. Bubble's Hash's recreational processor license with the OLCC is 030-10229496F53. It has the following endorsements: concentrate processor, edible processor, industrial hemp, and topical processor. Bubble's Hash's license renewal is May 22, 2025.

8.      Plaintiff Rec Rehab Consulting LLC, dba Ascend Dispensary, is an Oregon limited liability company with its principal place of business located at 13836 NE Sandy Blvd., Portland, Oregon 97230.

PAGE 3 -   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(31 of 65), Page 31 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 31 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 4 of 21

S.E.R.-31

9.      Ascend is a recreational marijuana retailer defined by ORS 475C.097. It sells general use cannabinoid products, concentrates, and extracts to adults over the age of 21. Ascend's recreational retailer license with the OLCC is 050-1013413CA5B. It has the following endorsements: marijuana home delivery and medical marijuana retailer. Ascend's license renewal is February 18, 2025.

10.     Defendant Tina Kotek is the Governor of the State of Oregon, whose office is located in Salem, Oregon. Governor Kotek is responsible for the appointment of the commissioners to the Oregon Liquor and Cannabis Commission. ORS 471.705; OAR 845-015-0101 (1). Governor Kotek has the authority to suspend any cannabis license, certificate, or permit in the event of imminent danger or disaster. ORS 475C.485. Governor Kotek can declare a state of emergency and issue executive orders related to cannabis regulation. ORS 401.165; ORS 401.168; ORS 401.236.  Governor Kotek has issued a moratorium and caps on cannabis licenses, declaring an emergency. HB 4121. Governor Kotek is ultimately responsible for the enforcement of the cannabis regulations in the State of Oregon, including Measure 119 and is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908); *Sterling v. Constantin*, 287 U.S. 378, 53 S. Ct. 190, 77 L. Ed. 375 (1932).

11.     Defendant Dan Rayfield is the Attorney General of the State of Oregon, whose office is located in Salem, Oregon. ORS 180.050. AG Rayfield is the chief law officer of the State of Oregon and all its departments. ORS 180.210. AG Rayfield may "appear, commence, prosecute, or defend any action, suit, matter, cause or proceeding in any court when requested by any state officer, board, or commission[.]" ORS 180.060 (1)(d). AG Rayfield is also responsible for the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

475C.413; ORS 183.452; OAR 845-003-0331. Defendant Rayfield is also involved in contested case proceedings and provides advice to the OLCC in matters involving retailer and processor cannabis licensure revocation, denial, and approval. OAR 845-003-0331. Defendant Rayfield is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).

12.      Defendant Dennis Doherty is the Chair of the Oregon Liquor and Cannabis Commission, whose office is located in Portland, Oregon. Chair Doherty is responsible for the Oregon Liquor and Cannabis Commission ("OLCC") and the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS 471.040 (2); ORS 471.720; OAR 845-003-0670. Chair Doherty oversees the OLCC tasked with the issuance, renewal, suspension, revocation, and refusal of marijuana licenses in the State of Oregon. ORS 475C.017; ORS 475C.033; ORS 475C.037; ORS 475C.049; OAR 845-003-0220 (1). Chair Doherty is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 29 U.S. 123 (1908).

13.      Defendant Craig Prins is the Executive Director of the Oregon Liquor and Cannabis Commission, whose office is located in Portland, Oregon. Director Prins is responsible for the management of the Oregon Liquor and Cannabis Commission and the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS 471.040 (2); ORS 471.720; OAR 845-003-0670; OAR 845-015-0101 (1). Director Prins oversees the OLCC tasked with the issuance, renewal, suspension, revocation, and refusal of marijuana licenses in the State of Oregon. ORS 475C.017; OAR 845-003-0220 (1). Director Prins is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).

(33 of 65), Page 33 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 33 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 6 of 21

**S.E.R.-33**

## THE FACTS

**Oregon's Relevant Cannabis Regulations**

14.    In November 2014, the State of Oregon voted to legalize the recreational use of marijuana through Ballot Measure 91. Measure 91 permitted persons who were licensed, controlled, regulated, and taxed by the State of Oregon to legally manufacture and sell marijuana to persons over the age of 21. Measure 91 is now codified under Or. Laws Ch. 475C (formerly 475B).

15.    Defendants through the OLCC have the authority to regulate the purchase, sale, production, processing, transportation, and delivery of marijuana in the State of Oregon. ORS 475C.017(2)(a). Defendants also have the authority to adopt, amend, or repeal rules and to carry out the provisions of the cannabis regulations including any law of the state that charges the OLCC with a duty, function, or power as it relates to marijuana. ORS 475C.017(2)(c)-(d).

16.    Defendants through the OLCC have the authority to grant, refuse, suspend, or cancel licenses for the sale, processing, production, or other licenses as related to marijuana. ORS 475C.017(2)(b). Effective January 1, 2017, recreational marijuana could only be sold by those that had obtained a recreational license through the OLCC.

17.    Applicants for a license or renewal of a license under ORS 475C.005-475C.525 must apply in the form that the OLCC requires. The OLCC may reject or refuse any application or renewal license. ORS 475C.033.

18.    The processing of marijuana is subject to the regulations of the OLCC, and any marijuana processor in the State of Oregon must have a processor's license for the premises at which the marijuana is processed, including Plaintiff Bubble's Hash. ORS 475C.085.

PAGE 6 -   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

19.     The retail sale of marijuana is subject to the regulations of the OLCC, and any marijuana retailer must have a retail license for the premises at which the marijuana items are sold, including Plaintiff Ascend. ORS 475C.097.

20.     Without a valid license, registration, or applicable exemption, a person may not produce, process, transport, deliver or sell marijuana items in the State of Oregon.

21.     Effective March 7, 2024, Governor Kotek extended the 2022 statewide caps and moratorium placed on all new applications for recreational marijuana producers, processors, wholesalers, and retailer licenses as managed by Defendants through the OLCC.

**Brief History of HB 3183 (2023)**

22.     In the 82nd Oregon Legislative Assembly—2023 Regular Session, HB 3183 was introduced relating to labor peace agreements as a condition for cannabis licensure in the State of Oregon.

23.     HB 3183, if passed, would have required the OLCC to accept cannabis applicants or renewal licenses from producers, wholesalers, retailers, and processors if they submitted a signed declaration that the applicant or licensee would not interfere with communications between labor representatives and employees regarding organizing rights. Or they offered a signed declaration that the applicant or licensee had entered into a labor peace agreement with the labor organization. HB 3183 is attached as Exhibit 1.

24.     Had HB 3183 passed, any applicant or licensee that failed to comply with the declaration upon licensure or the terms of the labor peace agreement, were at risk of suspension or revocation.

(35 of 65), Page 35 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 35 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 8 of 21

S.E.R.-35

25.     HB 3183 was introduced at the request of the United Food and Commercial Workers Local 555 ("UFCW 555"). It was pitched that California, New Jersey, New York, Illinois, and Virginia had similar state statutes requiring labor peace agreements between licensed cannabis businesses and labor organizations. Challenges to these state statutes as unconstitutional have ensued.

26.     In February and March 2023, the House Committee on Business and Labor held a work group to discuss the impact of HB 3183. For the first time, the implications of HB 3183 on the NLRA were discussed. Further analysis was required.

27.     At the request of Representative Paul Hovey, Senior Deputy Legislative Counsel Jessica A. Santiago was tasked with determining whether the NLRA preempted the state from enacting portions of HB 3183. A copy of Ms. Santiago's letter is attached as Exhibit 2.

28.     Ms. Santiago determined that if HB 3183 and the -3 amendments to HB 3183 were enacted it would "most likely be preempted under preemption principles outlined in *San Diego Bldg. Constr. Trades Council v. Garmon,* 359 U.S. 236, 79 S. Ct. 773 (1959), and under *Int'l Assoc. of Machinists v. Wis. Emp. Rel. Comm'n*, 427 U.S. 132, 96 S. Ct. 2548 (1976).

29.     HB 3183 died in committee upon adjournment in June 2023.

30.     UFCW 555 spearheaded a failed recall election of Representative Paul Hovey as a result.

**The United for Cannabis Workers Act—Ballot Measure 119 (November 2024)**

31.     In July 2024, UFCW 555 was instrumental in qualifying the United for Cannabis Workers Act for the November 2024 general election ("Measure 119"). Measure 119 ensures that licensed cannabis businesses enter into labor peace agreements. These are commonly referred to

PAGE 8 -   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(36 of 65), Page 36 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 36 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 9 of 21

S.E.R.-36

as "neutrality agreements" by the NLRA. The relevant problematic provisions of HB 3183 are similar to Measure 119. Measure 119 is attached as <u>Exhibit 3</u>.

32. On November 5, 2024, Measure 119 was approved and took effect on December 5, 2024.

33. Measure 119 is to be codified under ORS 475C.005 to 475C.525, Oregon's cannabis regulatory statutes, and is to be enforced by Defendants through the OLCC.

**The Unconstitutionality of Measure 119's Labor Peace Agreement Requirement**

34. Measure 119 applies to applications for licenses and certifications as well as renewal licenses and certifications received by the OLCC on or after December 5, 2024. Due to the caps and moratorium in effect by Governor Kotek, Measure 119 essentially applies only to renewal licenses.

35. Measure 119 applies to processor, retail, medical (processor), medical (retailer), researchers (certification), and laboratory cannabis licenses and certifications defined under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289, and 475C.548, referred to hereinafter as "the Licensees."

36. At issue here, Measure 119 contains a provision that mandates the Licensees to contract with a "bona fide labor organization" under a "labor peace agreement" ("LPA"), reprinted below from Exhibit 3.

> (2) In addition to and not in lieu of any other requirement for licensure or certification, or renewal of a license or certification under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548 with which an applicant must comply, the Oregon Liquor and Cannabis Commission shall require the applicant to submit, along with an application for a license or certification or renewal of a license or certification:
> (a) A signed labor peace agreement entered into between the applicant and a bona fide labor organization actively engaged in representing or attempting to represent the applicant's employees; or
> (b) An attestation signed by the applicant and the bona fide labor organization stating that the applicant and the bona fide labor organization have entered into and will abide by the terms of a labor peace agreement.

PAGE 9 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(37 of 65), Page 37 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 37 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 37 of 65

S.E.R.-37

37.    Measure 119 mandates the Licensees to submit an executed LPA or an attestation that an LPA was executed with a bona fide labor organization at the time of the Licensees' licensure renewal. Licensees must then comply with the terms of the LPA.

38.    "Bona fide labor organization" is defined as those under 42 U.S.C. § 402.

39.    Upon information and belief there are only two "bona fide labor organizations" that will enter into an LPA with the Licensees, UCFW 555 and the Teamsters, due to union politics.

40.    Measure 119 fails to provide any dispute resolution process if the bona fide labor organization and the Licensees cannot agree to the terms of the LPA. The Licensees, including Plaintiffs, are left without choice or bargaining power in order to renew their licenses.

41.    Measure 119 conflicts with federal labor law or has the effect of regulating aspects of labor-management relations governed by the NLRA.

42.    Measure 119 fails to recognize an employee's right to choose (or not) their union representation (29 U.S.C. § 157; ORS 475C.281) while commanding the Licensees to enter into binding contracts, albeit improper contracts, or risk licensure.

43.    Measure 119 also fails to define or sufficiently define key terms and processes leaving the Licensees, including Plaintiffs, to guess as to how to comply with Measure 119 when presented with one-sided terms that violate the OLCC's rules and the NLRA's stance on neutrality, thus subjecting the Licensees to lack of fair notice and arbitrary enforcement.

44.    Measure 119 mandates that at minimum under the terms of the LPA, the Licensees agree "to remain neutral with respect to a bona fide labor organization's representatives communicating with employees" of the rights afforded under ORS 663.110, the right to self-

PAGE 10 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(38 of 65), Page 38 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 38 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 11 of 30

S.E.R.-38

organization, to join a labor organization and to bargain collectively, among other things. Measure 119, Section 3(1)(g), is reprinted below from Exhibit 3.

> (g) 'Labor peace agreement' means an agreement under which, at a minimum, an applicant or licensee agrees to remain neutral with respect to a bona fide labor organization's representatives communicating with the employees of the applicant or the licensee about the rights afforded to such employees under ORS 663.110.

45.     By its express language, Measure 119 unlawfully restrains and restricts speech based on its content and viewpoint.

46.     Also, by its express language, Measure 119 requires the Licensees to "remain neutral," which is in direct contention with the NLRA and what an employer and union can do related to unionization and what they cannot under 29 U.S.C. §158 or Section 8 of the NLRA.

**The OLCC is Actively Enforcing Measure 119 as Approved**

47.     On November 18, 2024, the OLCC issued the "Recreational Marijuana Program Compliance Education Bulletin," Bulletin number CE2024-05 ("Bulletin") and proceeded to update the Bulletin on November 26, 2024. A copy of the Bulletin is attached as Exhibit 4.

48.     OLCC's Bulletin confirmed Measure 119's mandate. The OLCC requires the Licensees to include a signed LPA, or an attestation that one has been signed and for which the terms will be abided by with their license renewals. The OLCC provided a sample attestation form for the Licensees to use.

49.     On January 14, 2025, the OLCC provided an updated bulletin as to the enforcement of Measure 119, Bulletin number CE2025-01 ("Bulletin 2"). Bulletin 2 is attached as Exhibit 5.

50.     OLCC's Bulletin 2 clarified that all the Licensees are required to execute an LPA even if they do not have employees or if even if their employees do not want to unionize.

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(39 of 65), Page 39 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 39 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 12 of 30

**S.E.R.-39**

51.     OLCC's Bulletin 2 also warned the Licensees who do not submit an executed LPA or attestation with the renewal application that they are at risk of losing their license or certification.

52.     Failure to comply with Measure 119, Section 2(a)-(b), or the terms of the LPA are grounds for OLCC to deny a licensure or certification as expressly stated under Measure 119.

53.     Upon information and belief, Defendants have denied renewal licensure applications pursuant to Measure 119 that lacked proof of an executed LPA.

54.     Furthermore, if an LPA is terminated, regardless by whom, the Licensees have 30 days to enter into another LPA or be subject to suspension, revocation, and fines. Given the lack of "bona fide labor organizations," willing to enter into LPAs, the Licensees, including Plaintiffs, are under a constant threat of licensure revocation.

55.     The OLCC's Bulletin 2 also cautioned that Licensees are required to follow all OLCC statutes and rules. Should the LPA violate any of those rules, it is at the Licensees' own risk. The OLCC will not excuse the Licensees from potential disciplinary action due to an improper LPA.

**Irreparable Injury**

56.     Plaintiffs have subsequently filed a Motion for Temporary Restraining Order and Preliminary Injunction as further evidence thereof that Plaintiffs require immediate intervention by the Court to prevent the enforcement of Measure 119. Plaintiffs incorporate by reference its Motion for Temporary Restraining Order and Preliminary Injunction.

57.     Ascend's retailer license is up for renewal on February 18, 2025. Ascend was forced to renew without entering into an LPA after numerous attempts to find a "bona fide labor

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(40 of 65), Page 40 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 40 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 13 of 33

S.E.R.-40

organization" were unsuccessful or the terms of the LPA presented would require Ascend to violate federal and state law to renew its license.

58.     On February 4, 2025, Ascend received communication from the OLCC that it could not process its license renewal until an LPA or attestation between Ascend and a labor union was submitted per Measure 119.

59.     Bubble's Hash's processor's license is up for renewal on May 22, 2025. The terms of the LPA presented to it would require Bubble's Hash to violate federal and state law in order to renew its license.

### First Claim for Relief—Declaratory and Injunctive Relief—28 U.S.C. § 2201

60.     Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

61.     This case involves an "actual case in controversy" between Plaintiffs and Defendants concerning the constitutionality of Measure 119. Plaintiffs are subject to Measure 119 because they are recreational marijuana processors and retailers as defined by ORS 475.085, 475C.097.

62.     Measure 119 is unconstitutional under numerous Amendments and Articles of the United States Constitution as described herein. By requiring Plaintiffs to sign an LPA or lose their licenses, Plaintiffs are forced to choose between losing their businesses or their constitutional rights and protections.

### COUNT ONE
### Measure 119 Violates the Supremacy Clause of the United States Constitution and is Preempted

63.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

64. The NLRA governs labor relations for private sector employers. The NLRA contains exhaustive regulations for labor relations, including but not limited to collective bargaining, selection of representation, and dispute process. 29 U.S.C. §§ 151-169.

65. Whether an employer is covered by the NLRA is determined by the National Labor Relations Board (NLRB). The NLRB has exclusive jurisdiction to resolve disputes over whether and by whom employees are represented for collective bargaining purposes.

66. State or local government actions that purport to regulate activities that are protected, prohibited, or intentionally left unregulated by the NLRA are preempted. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959); *Int'l Ass'n of Machinists v. Wis. Emp. Rel. Comm'n*, 427 U.S. 132 (1796).

67. Measure 119 impermissibly intrudes into federally governed labor relations under the NLRA by requiring Plaintiffs to enter into an LPA with a "bona fide labor organization" authorizing the OLCC enforcement authority, to include license revocation, should Plaintiffs decline to do so.

68. Measure 119 attempts to impose requirements and restrictions in direct violation of the NLRA, that allows employees the right not to engage in union activity, or by silencing employers' communications with their employees about the pros and cons of unionization.

69. Measure 119 also commands Licensees to support a bona fide labor organizations' organizing efforts, which is a direct violation of an employees' Section 7 rights. *Ladies Garment Workers (Bernhard-Altmann) v. NLRB*, 366 U.S. 731, 739 (1961); *Dana Corp.*, 356 NLRB 256, 265 (2010). Likewise, a union's acceptance of such support also violates Section 8.

PAGE 14 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

70.     The terms to the LPA are undefined, succumbing Licensees to a bona fide labor organization's attempts to negotiate terms that are in direct violation of the NLRA and its stance on neutrality agreements.

71.     Measure 119 is preempted pursuant to the *Garmon* preemption set forth in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959), in that it purports to frustrate or prohibit conduct permitted and rights guaranteed to employers under the NLRA.

72.     Measure 119 is also preempted pursuant to the *Machinists* preemption under *Int'l Ass'n of Machinists and Aerospace Workers v. Wis. Emp. Rel. Comm'n,* 427 U.S. 132 (1976), in that it purports to regulate areas Congress intentionally left to be controlled by the free play of economic forces, including the right not to reach an agreement with a union.

73.     Without a declaratory judgment and an injunction enjoining enforcement of Measure 119 Plaintiffs, and its employees, will be deprived of the rights this Complaint seeks to enforce.

## COUNT TWO
### Measure 119 Violates Due Process (Void for Vagueness) of the Fourteenth Amendment of the United States Constitution

74.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

75.     Under the Due Process Clause, "[n]o state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law." "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "Even when speech is not at issue, the void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *FCC v. Fox Television*, 567 U.S. 239, 254 (2012).

76.     Measure 119 violates the constitutional due process requirement in that it does not properly distinguish from permissible to impermissible conduct and is unconstitutionally void for vagueness.

77.     The following terms, definitions, or phrases render Measure 119 void for vagueness:

(a)     The term "Labor Peace Agreement," as it is subject to a broad and unreasonable interpretation and could include anything demanded by any party at any time that is not facially consistent with the LPA, the OLCC, or the NLRA;

(b)     The term "Licensee" even as statutorily defined, is broad and could encompass licensees that are not subject to the NLRA, thus having no rights or protections against a "bona fide labor organization" like those subject to the NLRA.

78.     Measure 119 does not set forth a dispute resolution process for entering into an LPA. A few examples of key missing terms include, but are not limited to:

(a)     Procedures for dispute resolution;

(b)     What rules apply to dispute resolution;

(c)     What terms of the LPA would be considered standard or acceptable in the event dispute resolution failed between Plaintiffs and a bona fide labor organization;

(d)     Whether Plaintiffs would be bound by the LPA if the bona fide labor organization does not honor the applicable terms;

PAGE 16 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(44 of 65), Page 44 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 44 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 17 of 20

**S.E.R.-44**

(e)     If and how an alleged penalty would be assessed against Plaintiffs for non-compliance; and

(f)     Whether Plaintiffs are required to enter into an LPA if its employees already have a collective bargaining representative.

79.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## COUNT THREE
### Measure 119 Violates Due Process (First Amendment Freedom of Speech) of the Fourteenth Amendment of the United States Constitution

80.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

81.     Measure 119 violates the Fourteenth Amendment to the United States Constitution, which protects the freedom of speech guarantee found in the First Amendment to the United States Constitution in ways that include, but are not limited to:

(a)     Engaging in content based discrimination by forcing Plaintiffs to agree not to disrupt efforts by a bona fide labor organization to communicate with, and attempt to organize and represent, Plaintiffs' employees, which results in repressing Plaintiffs' expression concerning the merits of unionization;

(b)     Engaging in viewpoint based discrimination by forcing Plaintiffs to agree not to express criticism regarding unionization, resulting in the ban of any viewpoint that disagrees with unionization; and

(c)     Being so vague as to chill the exercise of protected free speech rights.

PAGE 17 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(45 of 65), Page 45 of 65      Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 45 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 18 of 32

S.E.R.-45

82.    Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution due to the constraints on Plaintiffs' First Amendment Right protections.

### COUNT FOUR
### Measure 119 Violates Equal Protection of the
### Fourteenth Amendment of the United States Constitution

83.    Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

84.    Measure 119 violates the Equal Protection Clause guarantees of the Fourteenth Amendment of the United States Constitution in ways that include, but are not limited to:

(a)    Favoring unions desiring to advance their cause with employees while requiring Plaintiffs to forego constitutional rights and protections; and

(b)    Treating all of the Licensees differently for purposes of licensure renewal because not all of the Licensees are subject to the same rights and protections afforded under the NLRA when dealing with unionization.

85.    Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution under Equal Protections of the law.

### COUNT FIVE
### Measure 119 Violates Due Process (Right to Contract) of the
### Fourteenth Amendment of the United States Constitution

86.    Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

87.    The Contract Clause of Article 1, Section 10, Clause 2 of the United States Constitution prevents Oregon from disrupting contractual arrangements.

PAGE 18 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

88.     Measure 119 has stripped Plaintiffs of all negotiating power as they must obtain a binding LPA, allowing the bona fide labor organization to withhold its agreement unless and until it obtains significant concessions or else lose its cannabis license.

89.     These provisions, alone and in combination, impermissibly skew the "playing field" between labor and Plaintiffs by giving unfettered leverage to a bona fide labor organization dealing with Plaintiffs.

90.     Measure 119 accepts that it is wholly within the bona fide labor organization's discretion whether to commit to an LPA with Plaintiffs and Plaintiffs have no ability to leverage or negotiate with the bona fide labor organization because the LPA is a mandate by Defendants. Plaintiffs are then forced to enter into contracts under duress and without voluntary consent.

91.     In the event the bona fide labor organization and Plaintiffs are unable to agree to an LPA, or a dispute arises between Plaintiffs and the bona fide labor organization related to the LPA, there is no mechanism by which the dispute will be settled.

92.     Measure 119 forces Plaintiffs to agree to unfair and illegal terms under state and federal law.

93.     In addition, although Plaintiffs must enter into an LPA, or risk its licensure, there is no corresponding obligation of the bona fide labor organization to request an LPA or to honor a request by Plaintiffs to enter into an LPA.

94.     Measure 119 does not appear to provide any sanction against a bona fide labor organization. Plaintiffs, on the other hand, face the imposition of costs and other penalties by Defendants, including the loss of their right to do business altogether.

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

95.     Measure 119 operates as a substantial impairment to a contractual relationship that is not reasonable to advance any significant and legitimate public purpose.

96.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as an unlawful restraint on the freedom to contract.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief from this Court as follows:

1.     Issue a Declaratory Judgment that Measure 119 is (1) unconstitutional under the United States Constitution and preempted by the NLRA, (2) unconstitutional under the United States Constitution as void for vagueness, (3) unconstitutional under the United States Constitution as an unlawful restraint on speech, (4) unconstitutional under the United States Constitution and the equal protections of the law, and (5) unconstitutional under the United States Constitution and the right to contract.

2.     Issue a temporary, preliminary, and permanent injunction:

(a)     Restraining and enjoining Defendants, their agents, and employees and all persons acting in concert or participation with them, from in any manner or by any means, enforcing or seeking to enforce Measure 119 and other law that requires Plaintiffs to enter into an LPA, determined by this Court to be invalid, preempted by federal law,  impermissibly vague, or otherwise unconstitutional;

PAGE 20 -  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(48 of 65), Page 48 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 48 of 65
Case 3:25-cv-00244-SI    Document 1    Filed 02/12/25    Page 21 of 22

**S.E.R.-48**

(b)     Requiring Defendants to issue such notices and take steps as shall be necessary and appropriate to carry into effect the substance and intent of paragraph 2(a) above, including but not limited to, the requirement that Defendants publicly withdraw and rescind any directions, requests, or suggestions to Plaintiffs that it is bound by or must be bound by Measure 119; and

(c)     Grant such other, further, or different relief as to which Plaintiffs may be entitled.

3.     Award Plaintiffs' its reasonable costs and attorney fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, or any other applicable law.

4.     Grant any such other further relief that this Court may deem just and proper.

DATED this 12th day of February, 2025.

FISHER & PHILLIPS LLP

*s/ Stephen M. Scott*
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Todd A. Lyon, OSB No. 076706
tlyon@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
Telephone: (503) 242-4262
Facsimile: (503) 242-4263

Attorneys for Plaintiffs

**S.E.R.-49**

# Initiative Petition: UNITED FOR CANNABIS WORKERS

**Be It Enacted by the People of the State of Oregon:**

<u>SECTION 1.</u> (1) This act may be referred to as the "United For Cannabis Workers"

(2) The people of Oregon find that:

(a) Due to ambiguity in federal law, cannabis workers are being denied workplace rights;

(b) Denial of such rights can result in unsafe workplaces, wage theft, and other abuses; and

(d) Judicial precedent clearly allows state laws to fix problems that are unaddressed by the federal government.

(3) <u>THIS MEASURE WOULD DO THE FOLLOWING:</u>

(a) Ensure that businesses licensed to sell or process cannabis enter into an agreement that allows their employees to organize and speak out without fear of retaliation.

<u>SECTION 2.</u> Section 3 of this 2024 Act is added to and made a part of ORS 475C.005 to 475C.525.

<u>SECTION 3.</u> **(1) As used in this section:**

**(a) 'Applicant' means an applicant for a license or certification or renewal of a license or certification issued under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548.**

**(b) 'Bona fide labor organization' means a labor organization as defined in 29 U.S.C. 402:**

**(A) That is recognized to be engaged in an industry affecting commerce; and**

**(B) The operations of which are not deemed to be a part of an integrated enterprise that includes a licensee or licensee representative or an association of licensees or licensee representatives.**

**(c) 'Employee' does not include employees who perform agricultural labor as described in ORS 657.045.**

**(d) 'Industry affecting commerce' has the meaning given that term in 29 U.S.C. 402.**

**(e) 'Integrated enterprise' means an enterprise in which the operations of two or more separate entities are sufficiently intertwined, as determined in consideration of the factors provided under ORS 653.422, such that the operations of one entity are considered to be under the control of another entity.**

**(f) 'Labor dispute' has the meaning given that term in ORS 663.005.**

**(g) 'Labor peace agreement' means an agreement under which, at a minimum, an applicant or licensee agrees to remain neutral with respect to a bona fide labor organization's representatives communicating with the employees of the applicant or the licensee about the rights afforded to such employees under ORS 663.110.**

**(h) 'Licensee' means a holder of a license or certification issued under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548.**

**(i) 'Strike' has the meaning given that term in ORS 662.205.**

**(2) In addition to and not in lieu of any other requirement for licensure or certification, or renewal of a license or certification under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548 with which an applicant must comply, the Oregon Liquor and Cannabis Commission shall require the applicant to submit, along with an application for a license or certification or renewal of a license or certification:**

**(a) A signed labor peace agreement entered into between the applicant and a bona fide labor organization actively engaged in representing or attempting to represent the applicant's employees; or**

**(b) An attestation signed by the applicant and the bona fide labor organization stating that the applicant and the bona fide labor organization have entered into and will abide by the terms of a labor peace agreement.**

**(3) Failure to provide a signed labor peace agreement or attestation or to abide by the terms of a labor peace agreement described in subsection (2) of this section is grounds for the commission to deny an**

**Exhibit 3 - Page 1 of 2**
**Plaintiffs' Complaint**

(50 of 65), Page 50 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 50 of 65
Case 3:25-cv-00244-SI    Document 1-3    Filed 02/12/25    Page 2 of 2

S.E.R.-50

application for licensure or certification or renewal of a license or certification under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548.

(4)(a) If a labor peace agreement described under subsection (2) of this section is terminated for any reason after issuance of a license or certification under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548, the licensee or certificate holder shall notify the commission in writing of the termination within 10 business days of the date of termination.

(b) The licensee or certificate holder shall include with the notice an attestation stating that the licensee or certificate holder will enter into a new labor peace agreement within 30 days following the date on which the previous agreement was terminated.

(c) Not later than 30 days following the date of termination, the licensee or certificate holder shall provide evidence to the commission that the licensee or certificate holder has entered into a new labor peace agreement by submitting the following information to the commission:

(A) A signed copy of the new labor peace agreement entered into between the licensee or certificate holder and the bona fide labor organization; or

(B) An attestation signed by the licensee or certificate holder and the bona fide labor organization stating that the licensee or certificate holder and the bona fide labor organization have entered into and will abide by the terms of a labor peace agreement.

(d) The administrator of the Oregon Liquor and Cannabis Commission shall impose the following sanctions against a licensee or certificate holder that fails to provide evidence that the licensee or certificate holder has entered into a new labor peace agreement in accordance with paragraph (c) of this subsection:

(A) If the licensee or certificate holder fails to provide the evidence within 30 days following the date of termination of the previous labor peace agreement, suspension of the license or certificate for not more than 10 days or imposition of a fine in the amount of $1,650.

(B) If the licensee or certificate holder fails to provide the evidence within 60 days following the date of termination of the previous labor peace agreement, suspension of the license or certificate for not more than 30 days or imposition of a fine in the amount of $4,950.

(C) If the licensee or certificate holder fails to provide the evidence within 90 days following the date of termination of the previous labor peace agreement, suspension of the license or certificate for not more than 30 days.

(D) If the licensee or certificate holder fails to provide the evidence within 120 days following the date of termination of the previous labor peace agreement, revocation of the license or certification.

(5) The requirements of this 2024 Act apply to applications for licenses and certifications and renewals for licenses and certifications received by the Oregon Liquor and Cannabis Commission on or after the effective date of this 2024 Act.

Exhibit 3 - Page 2 of 2
Plaintiffs' Complaint

(51 of 65), Page 51 of 65     Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 51 of 65
Case 3:25-cv-00244-SI     Document 54     Filed 06/11/25     Page 1 of 5

**S.E.R.-51**

DAN RAYFIELD
Attorney General of Oregon
BENJAMIN GUTMAN
Solicitor General
DENISE G. FJORDBECK
Attorney-in-Charge
Civil/Administrative Appeals
1162 Court St.
Salem, Oregon 97301
Telephone: (503) 378-4402

Counsel for Defendants-Appellants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CASALA, LLC, d/b/a Bubble's Hash; and REC REHAB CONSULTING LLC, d/b/a Ascend Dispensary, | |
| Plaintiffs-Appellees, | Case No. 3:25-cv-00244-SI |
| v. | |
| TINA KOTEK, in her official capacity as Governor of the State of Oregon; DAN RAYFIELD, in his official capacity as Attorney General of the State of Oregon; DENNIS DOHERTY, in his official capacity as Chair of the Oregon Liquor and Cannabis Commission; and CRAIG PRINS, in his official capacity as Executive Director of the Oregon Liquor and Cannabis Commission, | NOTICE OF APPEAL |
| Defendants-Appellants. | |

Notice is given that defendants-appellants, Tina Kotek, Dan Rayfield, Dennis Doherty

and Craig Prins, hereby appeal to the United States Court of Appeals for the Ninth Circuit from

the judgment entered on May 20, 2025, Docket No. 49, by the Honorable Michael H. Simon of

the United States District Court for the District of Oregon. The Ninth Circuit Court of Appeals

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402 / Fax: (503) 378-6306

has jurisdiction over this matter pursuant to 28 U.S.C. § 1291, as the judgment is the final

decision of the district court.

Respectfully submitted,

DAN RAYFIELD  #064790
Attorney General
BENJAMIN GUTMAN  #160599
Solicitor General

/s/  Denise G. Fjordbeck
DENISE G. FJORDBECK  #822578
Attorney-in-Charge
Civil/Administrative Appeals
denise.fjordbeck@doj.oregon.gov

Attorneys for Defendants-Appellants
Tina Kotek, Dan Rayfield, Dennis Doherty
and Craig Prins

Page 2 -  NOTICE OF APPEAL
DGF/kw5/992506611

(53 of 65), Page 53 of 65    Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 53 of 65
Case 3:25-cv-00244-SI    Document 54    Filed 06/11/25    Page 3 of 5

S.E.R.-53

## NOTICE OF FILING AND PROOF OF SERVICE

I certify that on June 11, 2025, I directed the original Notice of Appeal to be electronically filed with the Clerk of the Court for the United States District Court for the District of Oregon by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that on June 11, 2025, a copy of the Notice of Appeal was sent via certified mail, return received requested, in an envelope with postage pre-paid to the following:

Stephen M. Scott
Todd A. Lyon
Janelle W. Debes
Alexander A. Wheatley
Fisher & Phillips, LLP
111 SW Fifth Ave., Ste. 4040
Portland, OR  97204

Noah T. Barish
McKanna Bishop Joffe, LLP
1635 NW Johnson Street
Portland, OR  97209

/s/  Denise G. Fjordbeck
DENISE G. FJORDBECK  #822578
Attorney-in-Charge
Civil/Administrative Appeals
denise.fjordbeck@doj.oregon.gov

Attorney for Defendants-Appellants
Tina Kotek, Dan Rayfield, Dennis Doherty
and Craig Prins

Page 1 -    NOTICE OF FILING AND PROOF OF SERVICE
DGF/kw5/992506611

(54 of 65), Page 54 of 65      Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 54 of 65
Case 3:25-cv-00244-SI      Document 59      Filed 06/20/25      Page 1 of 3

S.E.R.-54

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASALA, LLC**, d/b/a Bubble's Hash; and **REC REHAB CONSULTING LLC**, d/b/a Ascend Dispensary, | Case No. 3:25-cv-244-SI |
| Plaintiffs, | **JUDGMENT** |
| v. | |
| **TINA KOTEK**, in her official capacity as Governor of the State of Oregon; **DAN RAYFIELD**, in his official capacity as Attorney General of the State of Oregon; **DENNIS DOHERTY**, in his official capacity as Chair of the Oregon Liquor and Cannabis Commission; and **CRAIG PRINS**, in his official capacity as Executive Director of the Oregon Liquor and Cannabis Commission, | |
| Defendants. | |

This action was heard by the Court in a one-day bench trial on a written record on

April 29, 2025, with U.S. District Judge Michael H. Simon presiding. Based on the Court's

Opinion and Order, which contains the Court's findings of fact and conclusions of law,

The Court **DECLARES** that the United for Cannabis Workers Act, passed by an

initiative approved by Oregon voters in 2024 as Ballot Measure 119 ("Measure 119"), is:

PAGE 1 – JUDGMENT

(55 of 65), Page 55 of 65     Case: 25-3707, 09/25/2025, DktEntry: 15.1, Page 55 of 65
Case 3:25-cv-00244-SI     Document 59     Filed 06/20/25     Page 2 of 3
S.E.R.-55

(1) preempted by the National Labor Relations Act; and (2) abridges Plaintiffs' freedom of speech in violation of the First Amendment.

Further, the Court **PERMANENTLY ENJOINS AND RESTRAINS** Defendants from enforcing Measure 119 against Plaintiffs.

This is the Court's Final Judgment in this matter. The Court retains jurisdiction as necessary to enforce the terms of this Final Judgment.

DATED this 20th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

**S.E.R.-56**
APPEAL,TERMINATED

# U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE #: 3:25-cv-00244-SI

Casala, LLC et al v. Kotek et al
Assigned to: Judge Michael H. Simon
Case in other court: 9th Circuit Court of Appeals, 25-03707
Cause: 28:2201 Declaratory Judgment

Date Filed: 02/12/2025
Date Terminated: 05/20/2025
Jury Demand: Plaintiff
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Plaintiff**

**Casala, LLC**
*an Oregon limited liability company*
*doing business as*
Bubble's Hash

represented by **Stephen M. Scott**
Fisher & Phillips, LLP
560 SW Tenth Avenue
Suite 450
Portland, OR 97205
503-205-8094
Fax: 503-242-4263
Email: smscott@fisherphillips.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd A. Lyon**
Fisher & Phillips, LLP
560 SW Tenth Avenue
Suite 450
Portland, OR 97205
503-242-4262
Fax: 503-242-4263
Email: tlyon@fisherphillips.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle W. Debes**
Fisher & Phillips
560 SW 10th Ave
Ste 450
Portland, OR 97205
503-205-8070
Email: jdebes@fisherphillips.com
*ATTORNEY TO BE NOTICED*

**Alexander A. Wheatley**
Fisher & Phillips, LLP
560 SW Tenth Avenue
Suite 450
Portland, OR 97205
503-205-8054
Fax: 503-242-4263

**S.E.R.-57**

Email: awheatley@fisherphillips.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rec Rehab Consulting LLC**           represented by  **Stephen M. Scott**
*an Oregon limited liability company*                             (See above for address)
*doing business as*                                     *LEAD ATTORNEY*
Ascend Dispensary                                   *ATTORNEY TO BE NOTICED*

                                               **Todd A. Lyon**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Janelle W. Debes**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Alexander A. Wheatley**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tina Kotek**                              represented by  **Sadie Forzley**
*Governor of the State of Oregon, in her*                   Oregon Department of Justice
*official capacity*                                   Trial Division
                                             100 SW Market Street
                                           Portland, OR 97201
                                           971-673-1880
                                           Fax: 971-673-5000
                                           Email: Sadie.Forzley@doj.oregon.gov
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                               **Denise G. Fjordbeck**
                                               State of Oregon
                                           Department of Justice
                                           1162 Court, NE
                                           Salem, OR 97301
                                           (503) 378-4402
                                           Fax: (503) 378-6306
                                           Email: denise.fjordbeck@doj.oregon.gov
                                           *ATTORNEY TO BE NOTICED*

                                               **YoungWoo Joh**
                                             Oregon Department of Justice
                                           Trial Division, Special Litigation Unit
                                           100 SW Market St.
                                           Portland, OR 97201
                                           503-689-5696

**S.E.R.-58**

Email: youngwoo.joh@doj.oregon.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Rayfield**
*Attorney General of the State of Oregon, in his official capacity*

represented by **Sadie Forzley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise G. Fjordbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YoungWoo Joh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dennis Doherty**
*Chair of the Oregon Liquor and Cannabis Commission, in his official capacity*

represented by **Sadie Forzley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise G. Fjordbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YoungWoo Joh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Craig Prins**
*the Executive Director of the Oregon Liquor and Cannabis Commission, in his official capacity*

represented by **Sadie Forzley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise G. Fjordbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**YoungWoo Joh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Oregon AFL-CIO**

represented by **Noah T. Barish**
McKanna Bishop Joffe, LLP
1635 NW Johnson Street
Portland, OR 97209
503-821-0960
Fax: 503-226-6121

Email: nbarish@mbjlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2025 | 1 | Complaint. Filing fee in the amount of $405 collected. Agency Tracking ID: AORDC-9745287 Filer is subject to the requirements of Fed. R. Civ. P. 7.1. Jury Trial Requested: Yes. Filed by Rec Rehab Consulting LLC, Casala, LLC against All Defendants (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Civil Cover Sheet, # 7 Proposed Summons Oregon Governor, # 8 Proposed Summons Oregon Attorney General, # 9 Proposed Summons Chair OLCC, # 10 Proposed Summons Executive Director OLCC). (Scott, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | 2 | Corporate Disclosure Statement *for Casala, LLC*. Filed by Rec Rehab Consulting LLC, Casala, LLC. (Scott, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | 3 | Corporate Disclosure Statement *for Rec Rehab Consulting LLC*. Filed by Rec Rehab Consulting LLC, Casala, LLC. (Scott, Stephen) (Entered: 02/12/2025) |
| 02/13/2025 | 4 | A duplicate payment in the amount of $405.00 was submitted by Rec Rehab Consulting LLC in the above-referenced case. For information on refund procedures, visit Requesting a Refund of Electronically Paid Fees on the Court's website. Refund Request is Due 2/24/2025. (lp) (Entered: 02/13/2025) |
| 02/13/2025 | 5 | Notice of Case Assignment to Judge Karin J. Immergut and Discovery and Pretrial Scheduling Order. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5**. Discovery is to be completed by 6/13/2025. Joint Alternate Dispute Resolution Report is due by 7/14/2025. Pretrial Order is due by 7/14/2025. Ordered by Judge Karin J. Immergut. (gd) (Entered: 02/13/2025) |
| 02/13/2025 | 6 | Summons Issued Electronically as to Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (gd) (Entered: 02/13/2025) |
| 02/13/2025 | 7 | Amended Corporate Disclosure Statement *of Casala, LLC*. Filed by All Plaintiffs. (Scott, Stephen) (Entered: 02/13/2025) |
| 02/13/2025 | 8 | Amended Corporate Disclosure Statement *of Rec Rehab Consulting LLC*. Filed by All Plaintiffs. (Scott, Stephen) (Entered: 02/13/2025) |
| 02/13/2025 | 9 | Request for Refund of Fees Paid Electronically regarding Complaint,, 1 . Filed by All Plaintiffs. (Scott, Stephen) (Entered: 02/13/2025) |
| 02/14/2025 | 10 | Notice of Association of Attorney of YoungWoo Joh, Sadie Forzley appearing on behalf of Craig Prins, Tina Kotek, Dennis Doherty, Dan Rayfield . Filed by on behalf of Craig Prins, Tina Kotek, Dennis Doherty, Dan Rayfield. (Joh, YoungWoo) (Entered: 02/14/2025) |
| 02/17/2025 | 11 | Motion for Temporary Restraining Order *and Preliminary Injunction*. Oral Argument requested. Filed by All Plaintiffs. (Scott, Stephen) (Entered: 02/17/2025) |
| 02/17/2025 | 12 | Declaration of Bret Born . Filed by All Plaintiffs. (Related document(s): Motion for Temporary Restraining Order 11 .) (Scott, Stephen) (Entered: 02/17/2025) |
| 02/17/2025 | 13 | Declaration of Pam Haley . Filed by All Plaintiffs. (Related document(s): Motion for Temporary Restraining Order 11 .) (Scott, Stephen) (Entered: 02/17/2025) |

| | | |
|---|---|---|
| 02/17/2025 | 14 | Declaration of Stephen M. Scott . Filed by All Plaintiffs. (Related document(s): Motion for Temporary Restraining Order 11 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9) (Scott, Stephen) (Entered: 02/17/2025) |
| 02/18/2025 | 15 | **ORDER** by Judge Karin J. Immergut: The Motion for Temporary Restraining Order *and Preliminary Injunction* (# 11 ) is referred to Judge Nelson. (eo) (Entered: 02/18/2025) |
| 02/18/2025 | 16 | Scheduling Order. Telephone Status Conference regarding the Motion for Temporary Restraining Order and Preliminary Injunction 11 is set for 2/18/2025 at 3:45PM in Portland by telephone before Judge Adrienne Nelson. Ordered by Judge Adrienne Nelson. (joha) (Entered: 02/18/2025) |
| 02/18/2025 | 17 | **MINUTES of Proceedings:** Telephonic status conference held. Janelle Debes present as counsel for plaintiffs. YoungWoo Joh and Sadie Forzley present as counsel for defendants. Oral argument on the Motion for Temporary Restraining Order, ECF 11 , is set for February 26, 2025 at 1:00 p.m. in Courtroom 13A before Judge Karin Immergut. Defendants' response must be filed by February 20, 2025. Plaintiffs' reply must be filed by February 24, 2025. The Court will consider defendants' motion to merge the TRO hearing with a preliminary injunction hearing at a later date that will be filed with its response. Court Reporter: Bonita Shumway. Judge Adrienne Nelson presiding. (joha) (Entered: 02/18/2025) |
| 02/19/2025 | 18 | Clerk's Notice of Pay.gov Refund regarding Agency Tracking ID: AORDC-9745272. The request has been granted and the amount of $405.00 will be refunded to Clarence M. Belnavis Related Doc 9 Request for Refund of Fees Paid Electronically. (nd) (Entered: 02/19/2025) |
| 02/20/2025 | 19 | Response in Opposition to Motion for Temporary Restraining Order *and Preliminary Injunction* 11 Oral Argument requested. Filed by Tina Kotek, Dan Rayfield, Dennis Doherty, Craig Prins. (Joh, YoungWoo) (Entered: 02/20/2025) |
| 02/20/2025 | 20 | Declaration of YoungWoo Joh *in Support of Defendants' Response to Motion for Temporary Restraining Order and Preliminary Injunction*. Filed by Tina Kotek, Dan Rayfield, Dennis Doherty, Craig Prins. (Related document(s): Response in Opposition to Motion 19 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Joh, YoungWoo) (Entered: 02/20/2025) |
| 02/20/2025 | 21 | Declaration of Shannon Hoffeditz *in Support of Defendants' Response to Motion for Temporary Restraining Order and Preliminary Injunction*. Filed by Tina Kotek, Dan Rayfield, Dennis Doherty, Craig Prins. (Related document(s): Response in Opposition to Motion 19 .) (Attachments: # 1 Exhibit 1) (Joh, YoungWoo) (Entered: 02/20/2025) |
| 02/24/2025 | 22 | Notice of Case Reassignment: This case has been reassigned from Judge Karin J. Immergut to Judge Marco A Hernandez. (cw) (Entered: 02/24/2025) |
| 02/24/2025 | 23 | Notice of Case Reassignment: This case has been reassigned from Judge Marco A Hernandez to Judge Michael H. Simon. (cw) (Entered: 02/24/2025) |
| 02/24/2025 | 24 | **SCHEDULING ORDER** - Due to the case reassignment filed in this matter (ECF 23 ), the hearing on Plaintiffs' Motion for Temporary Restraining Order (ECF 11 ), has been reset from 2/26/2025 at 1:00 p.m. to 2/26/2025 at 2:00 p.m. in Courtroom 15B, before Judge Michael H. Simon. Ordered by Judge Michael H. Simon. (mja) (Entered: 02/24/2025) |
| 02/24/2025 | 25 | Reply to Motion for Temporary Restraining Order *and Preliminary Injunction* 11 Oral Argument requested. Filed by All Plaintiffs. (Scott, Stephen) (Entered: 02/24/2025) |

| | | |
|---|---|---|
| 02/24/2025 | 26 | Declaration of Stephen M. Scott *in Support of Plaintiffs' Reply in Support of Motion for TRO and Preliminary Injunction*. Filed by All Plaintiffs. (Related document(s): Motion for Temporary Restraining Order 11 .) (Attachments: # 1 Exhibit 10, # 2 Exhibit 11) (Scott, Stephen) (Entered: 02/24/2025) |
| 02/24/2025 | 27 | Declaration of Bret Born *in Support of Plaintiffs' Reply in Support of Motion for TRO and Preliminary Injunction*. Filed by All Plaintiffs. (Related document(s): Motion for Temporary Restraining Order 11 .) (Attachments: # 1 Exhibit 12) (Scott, Stephen) (Entered: 02/24/2025) |
| 02/25/2025 | 28 | Notice of Lawsuit and Request for Waiver of Service of Summons sent to Defendants on 02/19/2025 by Rec Rehab Consulting LLC, Casala, LLC. Waiver of Service is due by 3/27/2025. Filed by Rec Rehab Consulting LLC, Casala, LLC. (Debes, Janelle) (Entered: 02/25/2025) |
| 02/25/2025 | 29 | Waiver of Service of Summons Returned Executed by All Defendants. Filed by All Plaintiffs. (Debes, Janelle) (Entered: 02/25/2025) |
| 02/26/2025 | 30 | **MINUTES OF MOTION HEARING:** ORDER - The Court GRANTS Plaintiffs' oral motion to withdraw the Motion for Temporary Restraining Order (ECF 11 ) and sets a Preliminary Injunction Hearing instead. Simultaneous supplemental briefing is due by March 31, 2025, with responses due by April 14, 2025. The Court schedules the Preliminary Injunction Hearing for Tuesday, April 29, 2025, at 1:30 p.m. in Courtroom 15B, before Judge Michael H. Simon. Stephen M. Scott and Janelle W. Debes present as counsel for Plaintiffs. Sadie Forzley and YoungWoo Joh present as counsel for Defendants. Court Reporter: Dennis Apodaca. Judge Michael H. Simon presiding. (mja) (Entered: 02/26/2025) |
| 02/26/2025 | 31 | Notice of Appearance of Alexander A. Wheatley appearing on behalf of All Plaintiffs . Filed by on behalf of All Plaintiffs. (Wheatley, Alexander) (Entered: 02/26/2025) |
| 03/18/2025 | 32 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Motion Hearing held on February 26, 2025, before Judge Michael H. Simon, Court Reporter Dennis W. Apodaca, telephone number (503) 326-8182 or dennis_apodaca@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 3/25/2025. Redaction Request due 4/8/2025. Redacted Transcript Deadline set for 4/18/2025. Release of Transcript Restriction set for 6/16/2025. (Apodaca, Dennis) (Entered: 03/18/2025) |
| 03/31/2025 | 33 | Motion to Appear as Amicus Curiae *in Support of Defendants*. Filed by Oregon AFL-CIO. (Attachments: # 1 Proposed Document proposed Brief of Amicus Curiae, # 2 Attachment Declaration of J Farley to proposed Brief of Amicus Curiae, # 3 Attachment Declaration of L Norden to proposed Brief of Amicus Curiae) (Barish, Noah) (Entered: 03/31/2025) |
| 03/31/2025 | 34 | Supplemental Response to Motion for Temporary Restraining Order *and Preliminary Injunction* 11 . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Joh, YoungWoo) (Entered: 03/31/2025) |
| 03/31/2025 | 35 | Second Declaration of YoungWoo Joh . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Related document(s): Response to Motion 34 .) (Attachments: # 1 Exhibit 3) (Joh, YoungWoo) (Entered: 03/31/2025) |
| 03/31/2025 | 36 | Supplemental Reply *in Support* to Motion for Temporary Restraining Order *and Preliminary Injunction* 11 . Filed by All Plaintiffs. (Scott, Stephen) (Entered: 03/31/2025) |

| 03/31/2025 | 37 | Supplemental Declaration of Stephen M. Scott *in Support of Plaintiffs′ Supplemental Brief ISO Motion for Temporary Restraining Order and Preliminary Injunction*. Filed by All Plaintiffs. (Related document(s): Reply to Motion 36 .) (Attachments: # 1 Exhibit 13, # 2 Exhibit 14) (Scott, Stephen) (Entered: 03/31/2025) |
| 04/01/2025 | 38 | **ORDER -** The Court GRANTS Oregon AFL-CIO's Motion to Appear as Amicus Curiae and File Brief in Support of Defendants, ECF 33 . Ordered by Judge Michael H. Simon. (mja) (Entered: 04/01/2025) |
| 04/01/2025 | 39 | Amicus Brief *in Support of Defendants*. Filed by Oregon AFL-CIO. (Barish, Noah) (Entered: 04/01/2025) |
| 04/01/2025 | 40 | Declaration of Lindsey Nordsen *in Support of Amicus Curiae Oregon AFL-CIO's Brief in Support of Defendants*. Filed by Oregon AFL-CIO. (Related document(s): Brief 39 .) (Barish, Noah) (Entered: 04/01/2025) |
| 04/01/2025 | 41 | Declaration of Jo Farley *in Support of Amicus Curiae Oregon AFL-CIO's Brief in Support of Defendants*. Filed by Oregon AFL-CIO. (Related document(s): Brief 39 .) (Barish, Noah) (Entered: 04/01/2025) |
| 04/14/2025 | 42 | Reply *entitled as Plaintiffs′ Reply in Support of Its Supplemental Brief for Motion for Preliminary Injunction* to Motion for Temporary Restraining Order *and Preliminary Injunction* 11 . Filed by All Plaintiffs. (Scott, Stephen) (Entered: 04/14/2025) |
| 04/14/2025 | 43 | Supplemental Declaration of Stephen M. Scott *in Support of Plaintiffs′ Supplemental Brief for Motion for Preliminary Injunction*. Filed by All Plaintiffs. (Related document(s): Reply to Motion 42 .) (Attachments: # 1 Exhibit 15, # 2 Exhibit 16, # 3 Exhibit 17) (Scott, Stephen) (Entered: 04/14/2025) |
| 04/15/2025 | 44 | Unopposed Motion for Extension of Time to Answer Complaint,, 1 . Filed by Craig Prins, Tina Kotek, Dennis Doherty, Dan Rayfield. (Joh, YoungWoo) (Entered: 04/15/2025) |
| 04/15/2025 | 45 | Unopposed Motion to Consolidate *Preliminary Injunction Hearing with Trial on the Merits*. Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Joh, YoungWoo) (Entered: 04/15/2025) |
| 04/16/2025 | 46 | **ORDER -** The Court GRANTS Defendants' unopposed motion for an extension of time to answer, ECF 44 . Defendants' answer or other responsive pleading is due two weeks after the Court's ruling on Plaintiffs' motion for preliminary injunction. Ordered by Judge Michael H. Simon. (mja) (Entered: 04/16/2025) |
| 04/29/2025 | 47 | **MINUTES OF PRELIMINARY INJUNCTION HEARING:** ORDER - The Court GRANTS Defendants' Unopposed Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits, ECF 45 . The Court takes under advisement Plaintiff's Motion for Preliminary Injunction, ECF 11 . Stephen M. Scott, Janelle W. Debes, and Alexander A. Wheatley present as counsel for Plaintiffs. Young Woo Joh and Sadie Forzley present as counsel for Defendants. Noah Barish present as counsel for Amicus AFL-CIO. Court Reporter: Dennis Apodaca. Judge Michael H. Simon presiding. (mja) (Entered: 04/29/2025) |
| 05/20/2025 | 48 | Opinion and Order - The Court GRANTS Plaintiffs' motion for declaratory relief, ECF 11 , and will enter a permanent injunction in favor of Plaintiffs. Signed on 5/20/2025 by Judge Michael H. Simon. (mja) (Entered: 05/20/2025) |
| 05/20/2025 | 49 | **JUDGMENT -** This action was heard by the Court in a one-day bench trial on a written record on April 29, 2025, with U.S. District Judge Michael H. Simon presiding. Based on the Court's Opinion and Order, which contains the Court's findings of fact and conclusions of law, The Court DECLARES that the United for Cannabis Workers Act, passed by an |

| | | |
|---|---|---|
| | | initiative approved by Oregon voters in 2024 as Ballot Measure 119 ("Measure 119"), is: (1) preempted by the National Labor Relations Act; and (2) abridges Plaintiffs' freedom of speech in violation of the First Amendment. Further, the Court PERMANENTLY ENJOINS AND RESTRAINS Defendants from enforcing Measure 119 against Plaintiffs. This is the Court's Final Judgment in this matter. The Court retains jurisdiction as necessary to enforce the terms of this Final Judgment. Signed on 5/20/2025 by Judge Michael H. Simon. (mja) (Entered: 05/20/2025) |
| 06/03/2025 | 50 | Stipulated Motion for Extension of Time *to File Motion for Attorney Fees and Bill of Costs*. Filed by Casala, LLC, Rec Rehab Consulting LLC. (Scott, Stephen) (Entered: 06/03/2025) |
| 06/03/2025 | 51 | **ORDER -** The Court GRANTS the parties' Stipulated Motion for Extension of Time to File Motion for Attorney Fees and Bill of Cost, ECF 50 . Plaintiffs' deadline is extended from June 3, 2025, to Friday, June 6, 2025. Ordered by Judge Michael H. Simon. (mja) (Entered: 06/03/2025) |
| 06/05/2025 | 52 | Stipulated Motion for Extension of Time . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Joh, YoungWoo) (Entered: 06/05/2025) |
| 06/06/2025 | 53 | **ORDER -** The Court GRANTS the parties' stipulated motion for extension of time, ECF 52 . Plaintiffs will file their motion for attorney fees and bill of costs not later than Friday, June 20, 2025. Ordered by Judge Michael H. Simon. (mja) (Entered: 06/06/2025) |
| 06/11/2025 | 54 | Notice of Appeal to the 9th Circuit from Judgment,,, 49 Filing fee $605 collected; Agency Tracking ID AORDC-9878744: . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Fjordbeck, Denise) (Entered: 06/11/2025) |
| 06/11/2025 | 55 | Representation Statement re Notice of Appeal 54 . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Fjordbeck, Denise) (Entered: 06/11/2025) |
| 06/11/2025 | 56 | Transcript Designation and Order Form for the hearing held on 2/26/25 and 4/29/25 before Judge Michael H. Simon. Court Reporter: Dennis Apodaca. regarding Notice of Appeal 54 . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. Transcript is due by 7/11/2025. (Fjordbeck, Denise) (Entered: 06/11/2025) |
| 06/12/2025 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal # 54 . **Case Appealed to 9th Circuit Court of Appeals. Case Number 25-3707** assigned. (eo) (Entered: 06/13/2025) |
| 06/16/2025 | 57 | Transcript Designation and Order Form for the hearing held on 2/26/25 and 4/29/25 before Judge Michael H. Simon. Court Reporter: Dennis W. Apodaca. regarding Notice of Appeal 54 . Filed by All Plaintiffs. Transcript is due by 7/16/2025. (Debes, Janelle) (Entered: 06/16/2025) |
| 06/16/2025 | 58 | Stipulated Motion for Extension of Time . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Joh, YoungWoo) (Entered: 06/16/2025) |
| 06/16/2025 | 59 | **ORDER -** The Court GRANTS the parties' third stipulated motion for extension of time, ECF 58 . Plaintiffs' motion for attorney fees and bill of costs is due not later than July 21, 2025. Ordered by Judge Michael H. Simon. (mja) (Entered: 06/16/2025) |
| 07/17/2025 | 60 | Stipulated Motion for Extension of Time . Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Joh, YoungWoo) (Entered: 07/17/2025) |
| 07/18/2025 | 61 | **ORDER:** The Court GRANTS the parties' fourth stipulated motion for extension of time, ECF 60 . Plaintiffs' motion for attorney fees and bill of costs is due not later than August 18, 2025. Ordered by Judge Michael H. Simon. (mja) Modified on 7/18/2025 change third to fourth (mja). (Entered: 07/18/2025) |

**S.E.R.-64**

| 08/13/2025 | 62 | Joint Motion for Attorney Fees *with Proposed Stipulated Order on Attorneys' Fees and Other Costs*. Filed by Dennis Doherty, Tina Kotek, Craig Prins, Dan Rayfield. (Attachments: # 1 Attachment [Proposed] Stipulated Order) (Joh, YoungWoo) (Entered: 08/13/2025) |
| --- | --- | --- |
| 08/14/2025 | 63 | **ORDER -** The Court GRANTS the Parties' Stipulated Order for Attorney Fees and other Costs, ECF 62 . Signed on 8/14/2025 by Judge Michael H. Simon. (mja) (Entered: 08/14/2025) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 08/26/2025 12:05:08 | | | |
| **PACER Login:** | peeneshshah | **Client Code:** | 107130AL190211-01Casala |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-00244-SI Start date: 1/1/1980 End date: 8/26/2025 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, I directed the Appellants' Excerpts of Record to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/  Peenesh Shah
_____
PEENESH SHAH
Assistant Attorney General
peenesh.h.shah@doj.oregon.gov

Attorneys for Defendants-Appellants
Tina Kotek, et al